BRADLEY, Presiding Judge.
This is a summary judgment ease.
On October 13, 1984 Gregory McDonald was struck by an automobile while riding his bicycle. Two lawsuits resulted. Lawsuit one was filed by McDonald’s father against Linda Boykin, the alleged driver of the automobile which struck Gregory McDonald. Lawsuit two (the uninsured motorist proceeding) was also filed by McDonald’s father against Stonewall Insurance Company (Stonewall), alleging coverage pursuant to an uninsured motorist provision of McDonald’s insurance policy.
Stonewall then sought to file a third-party complaint against Boykin in the uninsured motorist proceeding. Its motion was denied. The uninsured motorist proceeding then went to trial, and the jury returned a verdict against Stonewall in the amount of $6,000.
Stonewall paid the judgment and then intervened in lawsuit one. Stonewall’s intervention was based on its subrogation rights as provided in McDonald’s insurance policy.
Stonewall then filed a motion for summary judgment based on the proceedings in the uninsured motorist proceeding. Stonewall supported its motion with a brief which set out the case’s factual background and legal background.
Boykin responded with her own summary judgment motion supported by her personal affidavit. The affidavit essentially provided that Boykin was not a party to the uninsured motorist proceeding, that Stonewall should not be allowed to intervene, and that the case should be dismissed as it had already been litigated.
The court set the case for trial on April 18,1988. On April 14,1988 Boykin filed an additional affidavit “in further support of her motion for summary judgment.” In the second affidavit Boykin stated she struck a bicycle, but denied that she struck Gregory.
On April 18, the day the case was set for trial, the court took up the pending summary judgment motions. The court granted Boykin’s motion and dismissed Stonewall’s complaint.
Stonewall then filed a motion to reconsider, which was supported by the affidavit of Michael Hardee, a witness to the accident. Hardee directly contradicted Boykin in that he stated he witnessed the accident and saw Boykin’s car strike Gregory. Hardee *1312 further stated that he had previously testified to these facts in open court.
The motion to reconsider was denied, and this appeal followed.
The first issue raised by Stonewall on appeal is whether the court improperly considered Boykin’s additional affidavit. We find that it did.
A discussion of this question, as it pertains to the Federal Rules of Civil Procedure, is found in 3 W. Barron & A. Holt-zoff, Federal Practice & Procedure, Rules Edition § 1237 (rev’d C. Wright 1972):
“The court has general authority under Rule 6(b)(2) to enlarge the time for doing a prescribed act, and, though not directly in point, the provision in Rule 56(e) giving the court a broad discretion to permit affidavits to be supplemented or opposed by ... further affidavits indicates that the draftsmen of the rules intended to leave these details to the common sense of the court in the particular case, rather than regulating them by a rigid rule.”
Note also the resolution of this issue in 10A C. Wright & A. Miller, Federal Practice and Procedure § 2719 (2d ed. 1983):
“According to Rule 6(d), any affidavits in support of the summary judgment motion also should be served at the time the motion is served, unless the court exercises its discretion under Rule 6(b) and permits later service.” (footnotes omitted)
Our supreme court, in considering whether a tardy supporting affidavit may be properly considered has held that “[tjardy affidavits are permissible under Rule 6(b)(2), but only when that rule is complied with.” Cabaniss v. Wilson, 501 So.2d 1177 (Ala.1986).
Alabama Rules of Civil Procedure, Rule 6(b)(2) provides:
“When by these rules ... an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion ... upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect....”
In applying this rule to the situation in Cabaniss, the court pointed out that no Rule 6(b) motion was made “when the affidavits in question were filed, nor did they at that time refile their motion for summary judgment, which, when it was filed, was expressly ‘based upon the pleadings filed to date, the deposition of the plaintiff, James Cabaniss, and the applicable Alabama law.’ ” (Emphasis and bracketed material omitted.)
We have examined the record and find the following: No 6(b) motion was made when the affidavit was filed, nor did Boy-kin refile her summary judgment motion at that time. Additionally, Boykin’s original affidavit basically asserted res judicata as the ground for granting the motion. The second affidavit stated that Boykin did not hit the child. These statements present totally different grounds as supporting the motion.
Consequently, we find that the second affidavit was not properly filed and should not have been considered by the court in ruling on the summary judgment motions.
A summary judgment should be granted only when no genuine issue of material fact exists and the movant establishes his right to judgment as a matter of law. Cabaniss. Here we note that we have cross-motions for summary judgment. However, simply because two motions are filed, the court does not automatically grant one of the motions if a genuine factual dispute exists. Taylor v. Waters, 477 So.2d 441 (Ala.Civ.App.1985). The existence of the two motions may, on the other hand, be reflective of the lack of a factual dispute “when the motions demonstrate ... a basic agreement concerning the relevant legal theories and dispositive material facts.” Taylor.
Stonewall’s motion for summary judgment alleged a complete adjudication of all issues in the prior uninsured motorist proceeding. Stonewall asserts that because Boykin was legally responsible for Gregory’s damages before he could recover, Boykin’s negligence and the damages amount had already been judicially determined. Consequently, Stonewall argues on *1313 appeal that collateral estoppel mandates a summary judgment in Stonewall’s favor.
We disagree.
“Collateral estoppel operates where the subsequent suit between the same parties is not on the same cause of action.” Wheeler v. First Alabama Bank, 364 So.2d 1190 (Ala.1978). The parties in this lawsuit and those in the uninsured motorist proceeding are not the same. Summary judgment on said ground was, therefore, properly denied.
We now turn to an examination of whether Boykin’s motion could have been properly granted — absent her second affidavit. As previously stated, Boykin’s initial affidavit provided that she was not a party to the uninsured motorist proceeding, that she was not allowed to testify in that proceeding, that the issues were already litigated, and that, as a result, the subsequent suit against her should be dismissed.
In essence, Boykin’s first affidavit asserted the ground(s) of res judicata and/or collateral estoppel as support for a summary judgment. As Boykin argues in her brief before this court, for either doctrine to apply, the parties in the cases must be the same or substantially the same. Wheeler. They were not.
Absent her second affidavit, Boykin simply fails to establish a valid ground for summary judgment.
Finally, Stonewall argues that the court improperly denied its motion to reconsider. In support of its motion Stonewall filed the affidavit of an eyewitness who averred that he saw Boykin’s car strike McDonald.
We note that this evidence was not before the court at the time of the motions for summary judgment. Further, the affidavit itself provided that the eyewitness had previously testified to these facts in the previous trial. Consequently, this was simply new evidence, not newly discovered evidence. As a result, the trial court properly refused to consider it. Moore v. Glover, 501 So.2d 1187 (Ala.1986).
Boykin's motion for summary judgment having been improperly granted, we reverse that judgment and remand for further proceedings.
REVERSED AND REMANDED WITH DIRECTIONS.
HOLMES, J., concurs.
INGRAM, J., dissents.