The plaintiff, Roman Casey, d/b/a Alagrasco, appeals from a judgment for the *Page 1025 
defendant, Clifford Manning, in an action alleging breach of contract and conversion. We affirm.
Casey and Manning entered into a written contract whereby Casey agreed to purchase sod from Manning for 15 cents per square yard. The contract stated, among other things, that Casey had to cut the sod from Manning's land, prepare the ground for future growth and cutting (i.e., fertilize and level the ground), and pay each Monday for any sod that he had cut during the preceding week. Pursuant to the contract, Casey gave Manning $300 as a "good faith" deposit. Manning later rescinded the contract when he became dissatisfied with Casey's performance; he retained Casey's deposit, considering it to be forfeited under the contract. Casey sued, alleging that Manning had denied him access to the sod without justification and, thereby, had breached the contract. Casey also alleged that Manning had denied him access to his equipment, which had been left on Manning's land pursuant to the contract, and, therefore, that Manning was liable for conversion. After a trial, in which conflicting testimony was presented, the trial judge entered a judgment for Manning, without stating his reasons for doing so.
Because this case was heard by the trial judge and was decided by him as factfinder, the ore tenus rule applies. Under the ore tenus rule, the findings of fact, where supported by the evidence, are presumed correct and the judgment based on those findings should be reversed only if it is found to be clearly erroneous, after the reviewing court has considered all of the evidence and has drawn all inferences that can logically be drawn therefrom. Where a trial judge does not make specific findings of fact concerning an issue, we will assume that he made those findings necessary to support his judgment, unless such findings would be clearly erroneous. Sundance Marina, Inc.v. Reach, 567 So.2d 1322 (Ala. 1990).
We have carefully reviewed the record in this case. As previously noted, the parties presented conflicting testimony concerning Casey's performance under the contract. Manning testified that Casey breached the contract by paying late for sod that he had cut and by not properly preparing the ground for future growth. This was disputed by Casey. Manning stated that he reduced the price per square yard of sod from 35 cents to 15 cents because Casey agreed to assume the expense of properly preparing the ground. Manning further testified that he did not deny Casey access to his equipment. This was also disputed by Casey. The trial judge apparently found that Casey had breached certain material provisions in the contract and that Manning was entitled to rescind the contract and to retain Casey's $300 deposit. The trial judge also apparently found that Manning was not guilty of converting Casey's equipment. We simply cannot say that the trial judge's decision was clearly erroneous; therefore, the judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and JONES, SHORES and KENNEDY, JJ., concur.