YATES, Judge.
This is an appeal from the grant of a motion filed pursuant to Rule 59(e), A.R.Civ.P. Charles F. Williams (husband) and Sherian Walker Williams (wife) were divorced by the trial court in October 1992. The wife filed a motion to alter, amend or completely vacate the judgment, on the grounds that the decision of the trial court was grossly inequitable and that the decision was based entirely on fault without credible evidence. The motion was argued before the court by the attorneys for the parties; however, no oral testimony was taken. An order was entered wherein the trial court completely set aside the judgment of divorce. The trial judge also recused himself from further action in the case, and transferred the case to the trial docket of another judge. During the arguments on the motion, the trial judge stated that “[t]he parties are still married.... For reasons known only to me, I’m going to grant your motion to vacate.”
The husband’s sole issue on appeal is whether the trial court erred in granting the motion to set aside the judgment. He argues that the trial court’s decision to set aside the entire judgment is too drastic and that the parties are entitled to the judgment of divorce as a matter of law.
“This Court will not disturb an order denying or granting a motion to alter, amend, or vacate a judgment unless there has been a manifest abuse of discretion. The record must plainly and palpably show that the trial court erred.”
Tatum v. Kelley, 481 So.2d 1132, 1136 (Ala.1985) (citation omitted); Tolleson v. Tolleson, 424 So.2d 1331 (Ala.Civ.App.1983); Sanders v. Sanders, 342 So.2d 380 (Ala.Civ.App.1977). Also, when, as here, the trial judge does not make specific findings of fact as to an issue, we assume that he made findings necessary to support the judgment, unless such findings would be clearly erroneous. Casey v. Manning, 571 So.2d 1024 (Ala.1990).
Despite the unusual statement by the trial judge in this case that he was granting the motion to vacate “[f]or reasons known only to me,” we still must apply the appropriate legal principles to the record on appeal. In so doing, we cannot say that the assumed findings necessary to support the trial court’s judgment on the motion would be clearly erroneous, nor can we say that the trial court abused its discretion in granting the wife’s motion to vacate. Our review of the record reveals no reversible error. Accordingly, this case is affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.