The plaintiffs, Doris Collins McDowell and her husband Roy McDowell, sued James F. Burford III and the law firm of Lamar, McDorman, and Moody, alleging legal malpractice in connection with Burford's representation of the McDowells in a fraud action against them. Burford and the firm moved for a summary judgment, supporting their motion with Burford's affidavit, wherein he stated that in representing the McDowells he had used the same care, skill, and diligence that other competent lawyers in the same locality would have exercised. The McDowells offered nothing in response to the affidavit, and the court entered a summary judgment. They later moved to alter, amend, or vacate the judgment, attaching to their motion an affidavit containing the expert opinion evidence of Timothy Massey. In his affidavit, Massey stated that Burford's actions in representing the McDowells fell below the standard required of a lawyer. The trial court denied the motion, and the McDowells appealed.
The McDowells argue that the trial court erred in denying their motion to alter, amend, or vacate, because, they contend, *Page 1328 
there is a genuine issue of material fact and, therefore, Burford and the firm are not entitled to a judgment as a matter of law. The McDowells explain that they did not initially offer expert evidence to defeat the summary judgment motion because they were not represented by counsel and were unfamiliar with the procedure for opposing a summary judgment motion; therefore, they argue, their delay in filing their affidavit was excusable and the trial court should have set aside the summary judgment.
When a party against whom a summary judgment has been entered seeks to have that judgment set aside, contending that it was entered because he or she had delayed in opposing the summary judgment motion, and contending that the delay was excusable, that party has the burden of showing that even though the delay appeared unreasonable, the party was in fact acting with due diligence. In Mathis v. Jim Skinner Ford, Inc., 361 So.2d 113
(Ala. 1978), this Court held that the trial court's refusal to set aside a summary judgment entered in favor of an automobile dealer was not an abuse of discretion where the plaintiff failed to show circumstances that had prevented him from presenting evidence to counter the evidence offered by the dealer in support of a summary judgment motion.
In this case, to get relief from the summary judgment, the McDowells had to show circumstances that had prevented them from presenting evidence to counter that offered in support of the defendants' motion for summary judgment. The McDowells did not offer a proper explanation for their delay in submitting the expert evidence and, therefore, the trial court did not abuse its discretion in refusing to set aside the summary judgment. Accordingly, in reviewing the summary judgment we will limit our review of the record to that portion made before the trial court entered its summary judgment.
When a defendant in a legal malpractice action has moved for a summary judgment and has properly supported the motion with evidence that makes a prima facie showing that the defendant did not act negligently, then, in order to defeat the summary judgment motion, the plaintiff must rebut the defendant's prima facie showing with expert testimony indicating that the defendant lawyer did act negligently. Phillips v. Alonzo,435 So.2d 1266 (Ala. 1983), cert. denied, 464 U.S. 984,104 S.Ct. 430, 78 L.Ed.2d 363 (1983). The defendants' summary judgment motion was properly supported by Burford's affidavit. The McDowells did not present expert testimony in opposition to the defendants' properly supported motion. Therefore, the trial court correctly entered the summary judgment in favor of Burford and the firm.
AFFIRMED.
MADDOX, SHORES, INGRAM and COOK, JJ., concur.