On Application for Rehearing

HOUSTON, Justice.
The opinion of February 7, 2003, is withdrawn and the following is substituted therefor.
The defendants in the underlying action, John Owen, M.D., and Norwood Clinic, Inc. (hereinafter referred to collectively as “the petitioners”), petition this Court for a writ of mandamus directing the trial court to vacate its August 6, 2002, order granting the plaintiffs motion to set aside the dismissal of the underlying action and to reinstate the case. We deny the petition.

Facts and Procedural History

On May 19, 2000, the plaintiff, William Brian Collins, filed a medical-malpractice action against Marc Michelson, M.D., Carraway Methodist Health Systems (“Carraway”), and the petitioners. The action was the result of corrective laser eye surgery the petitioners performed on Collins at a Carraway facility, with Dr. Michelson acting as a consultant. After a status conference, the trial court ordered Collins to identify his expert witnesses by July 15, 2001. Collins failed to identify those witnesses.
Carraway and Dr. Michelson separately filed motions for a summary judgment. Both motions were granted. The correctness of those summary judgments is not before this Court; this petition involves only Dr. Owen and Norwood Clinic.
On September 10, 2001, the petitioners filed a motion for a summary judgment. After multiple continuances, a hearing was held on January 31, 2002, to address the petitioners’ motion. The following day, the trial court issued an order purporting to enter a “nonfinal” summary judgment in favor of the petitioners, allowing Collins 60 days to disclose the required information regarding expert witnesses, after which, if he did not disclose the information, the order would become final.[1] Collins never provided the requested information, and on April 29, 2002, the trial court entered a summary judgment for the petitioners and dismissed the case.
*879 On May 28, 2002, Collins filed a “Motion to Set Aside Dismissal and for Reinstatement,” pursuant to Rule 59(e), Ala. R. Civ. P.[2] The entirety of the grounds stated in Collins’s motion were:
“1. That this is a meritorious action with issues that need to be completely and totally adjudicated.
“2. Through inadvertence, oversight, excusable neglect, or other actions, no response to the Motion for Summary Judgment was filed timely but, nevertheless little [or] no discovery has proceeded in the case so that to reinstate this action would be in the best interest of justice for all parties.”
On August 6, 2002, after a hearing on Collins’s Rule 59(e) motion (for which there is no transcript), the trial court entered an order granting the motion, setting aside the dismissal, and reinstating the case. The trial court’s order stated that the motion was “well taken” and that it was being granted “for good cause shown”; no other basis for granting Collins’s motion was stated in the order.

Analysis

Because mandamus is an extraordinary remedy, it will be issued only upon a showing that the trial court abused its discretion. Ex parte Cassidy, 772 So.2d 445, 447 (Ala.2000). “Abuse of discretion by a trial court in granting a Rule 59(e) motion can be found only where a legal right was abused and the record plainly and palpably shows the trial court was in error.” Lockhart v. Phenix City Inv. Co., 488 So.2d 1353, 1354 (Ala.1986) (citing Coker v. Farmers Mut. Exch., 425 So.2d 489 (Ala.Civ.App.1983)). Collins states in his brief to this Court that “[t]he single issue for this Court’s consideration is whether the trial court abused its discretion in setting aside the order of dismissal of the case entered on April 29, 2002.” We agree.
Initially, Collins was given until July 15, 2001, to provide the defendants in his medical-malpractice action with the names of his expert witnesses. After the petitioners filed their motion for a summary judgment, Collins was given 60 days from the entry of the order on their motion to provide his expert evidence. After Collins failed to meet this extended deadline, the trial court entered a summary judgment for the petitioners on April 29, 2002. In his subsequent Rule 59(e), Ala. R. Civ. P., motion, Collins alleged that “no response to the Motion for Summary Judgment was filed timely” because of his “excusable neglect.” In his written motion, Collins offered no proof that his neglect in failing to respond to the petitioners’ summary-judgment motion was in fact excusable; however, Collins was able to present his evidence of “excusable neglect” during the August 6, 2002, hearing on the motion.
In McDowell v. Burford, 646 So.2d 1327, 1328 (Ala.1994), this Court stated:
“When a party against whom a summary judgment has been entered seeks *880 to have that judgment set aside, contending that it was entered because he or she had delayed in opposing the summary judgment motion, and contending that the delay was excusable, that party has the burden of showing that even though the delay appeared unreasonable, the party was in fact acting with due diligence.”
In McDowell, we stated that the plaintiffs were required to demonstrate the circumstances that had prevented them from presenting evidence to counter the evidence offered in support of the defendant’s motion for a summary judgment. 646 So.2d at 1328. There is no rule, however, that requires those circumstances to be demonstrated through affidavits or other evidence submitted with the written motion; it is sufficient if the trial court considers oral testimony to support a Rule 59(e) motion to alter, amend, or vacate a judgment. See Wiggins v. Tuscaloosa Warehouse Groceries, Inc., 396 So.2d 91, 92 (Ala.1981) (involving Rule 60(b)(1), Ala. R. Civ. P.); Molton v. State, 651 So.2d 663, 670 n. 6 (Ala.Crim.App.1994) (“ ‘[Attorneys are officers of the court and “ ‘when they address the judge solemnly upon a matter before the court, their declarations are virtually made under oath,’ ” ’ ” quoting Holloway v. Arkansas, 435 U.S. 475, 486, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978)); Sanders v. Sanders, 342 So.2d 380, 382 (Ala.Civ.App.1977).
Moreover, when the trial judge makes no specific findings of fact as to an issue, we will assume that the judge has made findings necessary to support the judgment, unless those findings are clearly erroneous. Casey v. Manning, 571 So.2d 1024, 1025 (Ala.1990). In the present case, there are no specific findings of fact in the trial judge’s order granting Collins’s Rule 59(e) motion, and there is no transcript of the hearing on the motion; we simply have the statement in the judge’s order that the motion was granted “for good cause shown.”[3] Despite this, we must still apply the appropriate legal principles and assume that the trial judge made the necessary findings to support his granting Collins’s motion. See Casey, 571 So.2d at 1025; see also Williams v. Williams, 628 So.2d 752 (Ala.Civ.App.1993)(affirming the trial court’s grant of a Rule 59(e) motion to vacate, despite the unusual statement by the trial judge that he was granting the motion to vacate “[f]or reasons known only to me”).
Because we must assume that the trial judge’s findings were proper and because we do not find his judgment to be clearly erroneous, we cannot say that the trial court exceeded its discretion when it granted Collins’s Rule 59(e) motion to set aside the dismissal and reinstate the case. Therefore, the petition is denied.
APPLICATION GRANTED; OPINION OF FEBRUARY 7, 2003, WITHDRAWN; OPINION SUBSTITUTED; PETITION DENIED.
MOORE, C.J., and SEE, LYONS, BROWN, JOHNSTONE, HARWOOD, and STUART, JJ., concur.
WOODALL, J., recuses himself.

. The petitioners argue that the trial court’s "nonfinal” summary judgment entered on February 1, 2002, was in fact a final judgment because, they say, at that point the petitioners were the only defendants left in the case. We agree that a court's ruling disposing of all claims against the only remaining defendants in a case constitutes a final judgment. See Osborn v. Roche, 813 So.2d 811, 814 (Ala.2001). However, we do not view the February 1, 2002, order as a summary judgment; rather, we view it as a declaration giving Collins 60 more days to identify his expert witnesses before a summary judgment would be entered.

. The petitioners contend that Collins’s motion was filed "almost 4 months after the granting of summary judgment in behalf of [the petitioners].” However, we view Collins's motion as having been filed 29 days after the entry of the summary judgment. See n. 1.
Although not styled as a Rule 60(b), Ala. R. Civ. P., motion, both parties agreed that Collins’s “Motion to Set Aside Dismissal and for Reinstatement” was in fact a Rule 60(b) motion. However, because the motion was made 29 days after the judgment was entered, this Court, on appeal, will treat it as a Rule 59(e) motion to alter, amend, or vacate the judgment. See Lockhart v. Phenix City Inv. Co., 488 So.2d 1353, 1354 (Ala.1986) (citing City of Birmingham v. City of Fairfield, 396 So.2d 692, 696 (Ala.1981)("The label placed on a motion does not bind our substantive review.”)).

. Additionally, Collins's briefs refer to the oral evidence presented at the August 6, 2002, hearing as either “critical information on which the trial court relied in making its decision" or "sufficient proof" of his excusable neglect, neither of which provides any indication as to precisely what that evidence was.