William Timothy Watts appeals the trial court's summary judgment in favor of Libby Watts. We reverse.
 Facts
William Timothy Watts ("Tim") and Libby Watts were married in 1982. In 1988, Libby's mother, Amy W. Holt, transferred $150,000 to Tim and Libby. Tim and Libby used the money as a down payment on the purchase of a business, Concrete Equipment Company, Inc. Holt contends that the money was a loan and that the terms of the loan were that Tim and Libby would pay Holt each month the amount of interest she would have received that month on a certificate of deposit for $150,000. Holt testified in her deposition that Libby made sporadic interest payments on the loan until about 2000.
In February 1995, Tim and Libby incorporated CON-E-CO, Inc. Tim testified in his deposition that they incorporated CON-E-CO so that they could dissolve Concrete Equipment Company and "get away from product liability problems." In 1998, Tim and Libby dissolved Concrete Equipment Company; its assets were distributed to Tim and Libby.
Tim and Libby began having marital problems around 2000. On September 26, 2001, Libby filed for a divorce. On February 19, 2002, Holt, Libby's mother, sued Tim seeking repayment of the $150,000. On March 12, 2003, Tim filed a third-party complaint against Libby claiming that, in the event he was held responsible for re-payment of the $150,000, Libby should also be held legally responsible for its repayment.
Tim and Libby's divorce became final on April 25, 2003. The judgment of divorce states, in pertinent part:
 "CON-E-CO, INC. [Tim] shall own all capital goods, goodwill, assets and accounts receivable of the business known as CON-E-CO, Inc. [Tim] shall be responsible for all accounts payable and liabilities of the business, including tax liabilities, and shall hold [Libby] harmless from same."
On March 15, 2005, Libby moved for a summary judgment on Tim's third-party complaint against her in the action Holt brought against Tim. Libby argued that the $150,000 was a liability of CON-E-CO and that the divorce judgment established that the liabilities of CON-E-CO were solely Tim's responsibility. On June 1, 2005, the trial court entered a summary judgment for Libby and certified that judgment as final pursuant to Rule 54(b), Ala. R. Civ. P. Tim appeals.
 Standard of Review
In reviewing the disposition of a motion for a summary judgment, we review the case de novo, applying the same standard as the trial court in determining "whether the evidence before the court made out a genuine issue of material fact," Bussey v. John Deere Co., 531 So.2d 860,862 (Ala. 1988), and whether the movant was entitled to a judgment as a matter of law. When the summary-judgment movant makes a prima facie showing that there is no genuine issue of material fact and that the movant is entitled to a judgment as a matter of law, then a summary judgment is proper unless the nonmovant rebuts that showing by substantial evidence creating a genuine issue of material fact. See Rule 56(c), Ala. R. Civ. P.;Cain v. Sheraton Perimeter Park S. Hotel, 592 So.2d 218,219-20 (Ala. 1991); § 12-21-12, Ala. Code 1975; and Westv. Founders Life Assurance Co. of Florida, 547 So.2d 870,871 (Ala. 1989). Our review is further subject to the caveat that this Court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. *Page 117 Hanners v. Balfour Guthrie, Inc., 564 So.2d 412, 413
(Ala. 1990).
 Analysis
Tim contends that Libby did not present sufficient evidence to support her motion for a summary judgment. We agree.
Libby argues that she was entitled to a summary judgment because, she argues, the $150,000 debt to Holt was a liability of CON-E-CO, and the divorce judgment establishes that the liabilities of CON-E-CO are solely Tim's responsibility.[1] Libby, as the summary-judgment movant, had the initial burden of showing that there is no genuine issue of material fact as to whether she could be found liable for repayment of the $150,000 her mother, Holt, alleges is owed to her by Tim. Libby presented to the trial court a copy of the divorce judgment assigning the indebtedness of CON-E-CO to Tim. Libby contends in her summary-judgment motion that her mother lent her and Tim $150,000 "for the purchase of a concrete business" and that "the divorce [judgment] clearly awarded the business and the indebtedness to Tim." She argues that because the S150,000 from her mother was a loan for the purchase of a business and because the divorce judgment awarded Tim the business and its liabilities, she cannot be held liable to pay any portion of that loan. The only evidence she offers in support of her contention is the passage from the divorce judgment awarding the assets and liabilities of CON-E-CO to Tim. In her summary-judgment motion, Libby alleges in a conclusory fashion that "[t]he divorce [judgment] clearly awarded the business and the indebtedness [of CON-E-CO] to Tim Watts" and that, "Libby Watts, by virtue of the Final [Judgment] of Divorce has no obligation for this debt." These allegations do not establish a prima facie showing that there is no genuine issue of material fact as to whether the $150,000 was a loan to Concrete Equipment Company, Inc., and hence to CON-E-CO, and constitutes a liability of CON-E-CO that was assigned to Tim in the final divorce judgment, and not, instead, a loan to Tim and Libby individually.[2]
In reviewing the trial court's disposition of a summary-judgment motion, "we must view all the evidence in a light most favorable to the nonmovant and we must entertain all reasonable inferences from the evidence in favor of the nonmovant." First Fin. Ins. Co. v. Tillery,626 So.2d 1252, 1254 (Ala. 1993). Viewing the evidence presented in the light most favorable to Tim as the nonmovant, we conclude that Libby did not meet her burden of establishing a prima facie case that there *Page 118 
is no genuine issue of material fact as to whether the $150,000 Holt lent to Tim and Libby in 1988 was a loan to CON-E-CO and was thus a liability of CON-E-CO that the divorce judgment assigned to Tim.
 Conclusion
The trial court's summary judgment in favor of Libby is reversed, and the cause remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
NABERS, C.J., and HARWOOD, STUART, and BOLIN, JJ., concur.
[1] Tim and Libby were officers and shareholders of CON-E-CO, but a corporation is a separate entity, distinct from the individuals who are its stockholders or who manage it as directors or officers.Cohen v. Williams, 294 Ala. 417, 318 So.2d 279 (1975). Therefore, a loan to Tim and Libby individually is not a loan to CON-E-CO.
[2] Even if Libby had made a prima facie showing that the $150,000 was a loan to CON-ECO, Tim has rebutted that showing. Tim presented Holt's deposition testimony that she wrote a check to Tim Watts and said to him, "[w]ell I'll lend you the $150,000, Tim. If this is the business you want I'll be glad to lend it to you." Holt also stated in her deposition testimony that Libby "absolutely . . . considered it a loan" and that "[Tim and Libby] were paying me interest on it until they decided to give me the principal on it." No one argued that the loan was a personal loan to Tim only. The deposition testimony refutes Libby's contention that the loan was a loan to CON-E-CO, and it creates a genuine issue of material fact as to whether the loan was a liability of CON-E-CO that was assigned to Tim in the divorce judgment.See Cain, 592 So.2d at 219-20.