On February 24, 2005, Gary Bell d/b/a Duane Corporation (hereinafter "Bell") sued Nathaniel Owens asserting claims alleging legal malpractice. Bell has proceeded pro se throughout this litigation. In his complaint, Bell alleged that he had hired Owens to sue Davis Atlantic Truck Sales ("DATS"). Owens filed a complaint in the Calhoun Circuit Court against DATS alleging claims of fraud pertaining to Bell's purchase of a used motor vehicle from DATS on May 29, 1999. The Calhoun Circuit Court dismissed the action. The case was refiled in Baldwin County, Georgia, which appears to be the jurisdiction in which Bell purchased the used motor vehicle from DATS. Because Owens is not licensed to practice law in Georgia, Kenneth Israel, an attorney licensed to practice in that state, filed the Georgia complaint against DATS on behalf of Bell. According to the allegations in Bell's complaint in this action, Owens had entered into an agreement with Israel regarding handling the Georgia action.
Bell alleged in his complaint in this action that he had regularly asked Owens about the status of the Georgia action but that he had received no information from Owens. Bell claims he learned of a February 25, 2003, hearing to be conducted in the Georgia action and that he informed Owens of that hearing. According to Bell, neither Owens nor Israel appeared on Bell's behalf at the hearing. Bell alleged that on February 25, 2003, the court in which the Georgia action was pending entered a monetary judgment against Bell on a counterclaim asserted in that court by DATS. In his complaint in this action, Bell also asserted claims related to later court proceedings in the Georgia action and claims related to his efforts to file documents on behalf of Owens so that Owens could proceed pro hac vice in the Georgia court. In support of his complaint in this action, Bell submitted an affidavit of an attorney who is licensed to practice in Georgia. That attorney testified that Owens and Israel had breached the applicable standard of care.
Bell's complaint in this action asserted claims against a practicing attorney in Calhoun County, and, therefore, the trial judges in that circuit all recused themselves from the action. By an order dated May 2, 2005, Drayton Nabers, Jr., the Chief Justice of the Supreme Court of Alabama, appointed Circuit Judge John H. Bentley to hear the matter.
On June 7, 2005, Owens filed a motion pursuant to Rule 12(b)(6), Ala. R. Civ. P., seeking to dismiss Bell's claims against him. On June 16, 2005, Bell moved the trial court for a default judgment, arguing that Owens had failed to timely answer the February 24, 2005, complaint. The trial court entered a ruling denying Owens's motion to dismiss and ordering Owens to answer Bell's complaint within 30 days; it is not clear from the record the date on which the trial court entered that order. The trial court also denied Bell's motion for a default judgment. However, on September 23, 2005, the trial court granted a motion for sanctions filed by Bell for Owens's continued failure to answer the complaint and ordered that Bell would be granted leave to prove damages.
On October 13, 2005, Owens filed an answer to Bell's complaint and also asserted a counterclaim for the value of legal services he had performed on Bell's behalf. The answer and counterclaim do not contain a certificate of service indicating that Owens served Bell with that pleading. Also, on October 13, 2005, Owens filed a *Page 683 
motion seeking relief from the "default judgment." We assume that in that motion Owens was actually seeking relief from the trial court's September 23, 2005, sanctions order. The motion for relief from the September 23, 2005, order contained a certificate of service indicating an incorrect postal or ZIP code for Bell's address. Bell moved the trial court to set a hearing on the issue of damages as provided for by the September 23, 2005, order.
The trial court conducted a hearing on December 1, 2005, on "all pending motions." On that same date, the trial court granted Owens's motion for relief from the September 23, 2005, sanctions order.
On March 3, 2006, Owens filed a motion for a summary judgment; the certificate of service indicates that that motion was served on Bell. In support of his summary-judgment motion, Owens filed an unsigned, unsworn affidavit purporting to set forth certain statements by Danny Morris, an attorney licensed to practice in Alabama. The trial court scheduled an April 20, 2006, hearing on Owens's summary-judgment motion. On April 7, 2006, Bell filed an "objection" in opposition to Owens's summary-judgment motion; Bell submitted his own affidavit in support of his "objection" on April 17, 2006.
The record contains a signed, sworn affidavit by Alabama attorney Danny Morris that is dated April 18, 2006, and which was filed in the court on that same date. That affidavit is similar in some respects to the draft of Danny Morris's unsigned affidavit that Owens had submitted with his March 3, 2006, summary-judgment motion. The record contains no certificate of service or other indication that the April 18, 2006, affidavit was served on Bell.
The April 20, 2006, summary-judgment hearing is not transcribed in the record on appeal. On the date of that hearing, Owens filed in the trial court a motion seeking to "strike" Bell's opposition to his summary-judgment motion, asserting that the motion was insufficient to create a valid opposition to a summary-judgment motion. On April 25, 2006, Bell moved the trial court to dismiss Owens's counterclaim against him.
On April 27, 2006, the trial court entered a judgment granting Owens's motion for a summary judgment. Also on that date, the trial court entered an order granting Bell's motion to dismiss Owens's counterclaim against him. Bell timely appealed to our supreme court, which transferred the appeal to this court pursuant to § 12-2-7(6), Ala. Code 1975.
This court reviews a summary judgment de novo. Ex parteBallew, 771 So.2d 1040 (Ala. 2000). A summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56, Ala. R. Civ. P.; Bussey v. John Deere Co.,531 So.2d 860 (Ala. 1988). "When the movant makes a prima facie showing that those two conditions are satisfied, the burden shifts to the nonmovant to present `substantial evidence' creating a genuine issue of material fact." Ex parte AlfaMut. Gen. Ins. Co., 742 So.2d 182, 184 (Ala. 1999). "[S]ubstantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. ofFlorida, 547 So.2d 870, 871 (Ala. 1989). In reviewing a summary judgment, this court must review the record in a light most favorable to the non-moving party and must resolve all reasonable doubts concerning the existence of a genuine issue of material fact against the *Page 684 
moving party. Hanners v. Balfour Guthrie, Inc.,564 So.2d 412 (Ala. 1990).
On appeal, Bell challenges whether Owens timely filed the Danny Morris affidavit in support of Owens's motion for a summary judgment. Rule 56(c)(1), Ala. R. Civ. P., which governs summary judgments, requires that affidavits or other documents not on file in the trial court "shall be attached as exhibits" to the motion. (Emphasis added.) The provisions of the rule governing the timing of the motion state that "[t]he motion for [a] summary judgment, with all supporting materials, including any briefs, shall be served at least ten (10) days before the time fixed for the hearing. . . . Subject to subparagraph (f) of this rule, any statement or affidavit in opposition
shall be served at least two (2) days prior to the hearing." Rule 56(c)(2) (emphasis added).
Bell cites Cabaniss v. Wilson, 501 So.2d 1177
(Ala. 1986), in support of his argument that the affidavit Owens submitted in support of his motion for a summary judgment was inadmissible because it was untimely filed. In Cabaniss v.Wilson, supra, the affidavits submitted by the movant in support of his motion for a summary judgment six weeks after the filing of the motion and only five days before the hearing scheduled on that motion were untimely and inadmissible. The trial court granted the summary-judgment motion, and our supreme court reversed. In analyzing the appeal, our supreme court acknowledged that Rule 6(b), Ala. R. Civ. P., gives the trial court discretion to accept a late affidavit, but it pointed out that the movant in that case had failed to file any motion pursuant to Rule 6. The court stated that "[t]ardy affidavits are permissible under Rule 6(b)(2), but only when that rule is complied with." Cabaniss v. Wilson, 501 So.2d at 1182. The court also noted that the affidavits at issue in that case did not contain a certificate of service indicating that they had been served on the opposing party. Therefore, the court concluded that the affidavits were not properly filed in support of the summary-judgment motion, and it refused to consider those affidavits. Cabaniss v. Wilson, 501 So.2d at 1182.See also Stonewall Ins. Co. v. Boykin, 562 So.2d 1310
(Ala.Civ.App. 1989) (holding that the trial court improperly considered an affidavit in opposition to a motion for a summary judgment that was submitted only four days before the trial on the merits and in the absence of a Rule 6(b) motion).
In this case, Owens filed a summary-judgment motion on March 3, 2006. The only document attached as an evidentiary exhibit to that motion was an unsigned "affidavit" by an Alabama attorney that stated that Owens had not breached the applicable standard of care. See Valentine v. Watters,896 So.2d 385, 390 (Ala. 2004) ("Expert testimony is required to establish that the legal-service provider deviated from the applicable standard of care. Tonsmeire v. AmSouth Bank,659 So.2d 601, 605 (Ala. 1995)."). Thus, Owens submitted no admissible evidence in support of his summary-judgment motion at the time of the original filing. On April 18, 2006, two days before the scheduled summary-judgment hearing, the signed affidavit of Danny Morris was submitted to the trial court. That affidavit was unaccompanied by any motion and does not indicate that it was served on Bell.[1] Therefore, *Page 685 
we must conclude that the trial court erred in considering the April 18, 2006, affidavit. Cabaniss v. Wilson, supra.
In order to be entitled to a summary judgment, the defendant in a legal-malpractice action must make a prima facie showing that he did not act negligently; the burden of the plaintiff to prove otherwise does not shift until the defendant makes that prima facie showing. McDowell v. Burford, 646 So.2d 1327,1328 (Ala. 1994). Because this court has determined that the April 18, 2006, affidavit must be disregarded under the precedent of Cabaniss v. Wilson, supra, and because Owens submitted no other admissible evidence in support of his summary-judgment motion, we conclude that Owens failed to present a prima facie case that he was entitled to a summary judgment. Accordingly, we must hold that the trial court erred in entering a summary judgment in favor of Owens. See Wattsv. Watts, 943 So.2d 115 (Ala. 2006) (reversing a summary judgment when the movant did not make a prima facie case in support of her motion for a summary judgment by referring merely to certain language in a divorce judgment pertaining to a division of marital debts and assets).
We note that, given the nature of the allegations contained in Bell's complaint, we are unable at this time to agree with Owens's argument that the Alabama court lacks subject-matter jurisdiction over this action. We also reject, at least for the present, Owens's argument that the action was filed outside the two-year statute of limitations applicable to legal-malpractice actions pursuant to § 6-5-574, Ala. Code 1975. Contrary to Owens's assertions, Bell does not base his claims on the November 1999 dismissal of his action in Alabama; rather, his claims are based on actions taken or not taken with regard to the later litigation in the Georgia action.
REVERSED AND REMANDED.
CRAWLEY, P.J., and MURDOCK and BRYAN, JJ., concur.
PITTMAN, J., concurs in the result, without writing.
[1] In his appellate brief, Owen cites the "mailbox rule," or the presumption that "`[a] letter properly addressed, stamped, and mailed is presumed to have been received in due course.'"Sullivan v. Eastern Health Sys., Inc., 953 So.2d 355,360 (Ala. 2006) (quoting Corinth Bank Trust Co. v.Cochran, 219 Ala. 81, 83, 121 So. 66, 67 (1929)). However, the mailbox rule has no application when there is no indication that the document was actually mailed or served on the opposing party.