THOMPSON, Presiding Judge.
 

 Dana Isbell appeals from a summary judgment entered by the St. Clam Circuit Court in her action against Rogers Auto Sales (“Rogers”).
 
 [1]
 
 For the reasons set forth herein, we reverse and remand.
 

 On January 7, 2006, Isbell purchased a vehicle from Rogers, an automobile dealership. The circumstances surrounding that purchase are in dispute. On January 26, 2006, Isbell filed an action against Rogers and its owner, Roger Ragan, in the St. Clair District Court. Her action was thereafter transferred to the St. Clair Circuit Court. In her complaint, Isbell alleged that she had selected, made a down payment on, and taken possession of a
 
 *1259
 
 vehicle from Rogers. She alleged that Rogers was demanding that the vehicle be returned because Isbell could not be approved for financing for the purchase of the vehicle. Isbell stated that, at the time of the filing of the complaint, the first payment on the purchase price of the vehicle was not yet due to be paid. She alleged that the defendants were calling her and her daughter at their places of employment, thereby allegedly “creating problems with the possibility of dismissal due to the disruptiveness of the phone calls.” She asserted counts of fraud, wantonness, and breach of contract against the defendants. Shortly after Isbell filed the complaint, Rogers repossessed the vehicle.
 

 On May 14, 2010, Rogers and Ragan filed a motion for a summary judgment in which they argued that it was undisputed that Isbell was going to finance the amount of money she owed on the vehicle after purchasing it but that her credit application was denied because of a pending bankruptcy. They argued that, after the denial of Isbell’s credit application, Ragan attempted to work out an accommodation with Isbell so that she could keep the vehicle and make payments on it but that, when it became clear that Isbell could not make payments on the vehicle or obtain alternative financing for it, Rogers repossessed the vehicle. Thus, the defendants argued, they acted pursuant to their rights and did not breach any contract with Isbell.
 

 The defendants also argued that they were not liable to Isbell for fraud. They asserted that, although Isbell claimed that Rogers had indicated that it would finance her purchase of the vehicle, the documents relating to the transaction indicated that a Florida company, Select Automotive Management, LLC, would be providing the financing for the transaction. As to Is-bell’s wantonness claim, the defendants argued that the repossession of the vehicle could not constitute wantonness because it was within their rights to repossess the vehicle.
 

 To their summary-judgment motion, Rogers and Ragan attached a copy of Is-bell’s deposition. In her deposition, Isbell testified that she had purchased the vehicle for her daughter and that her daughter would be paying for the vehicle. Isbell stated that, on the day she purchased the vehicle from Rogers, Ragan informed her that Rogers would provide the financing for the vehicle. Isbell testified that she had had no intention of seeking financing for the purchase of the vehicle from a financing company because, at that time, she was going through bankruptcy. She stated that she obtained insurance and a tag for the vehicle. She testified that, approximately two weeks later, a financing company began calling her at work seeking to verify certain information about her. The company informed her that it had purchased her loan from Rogers and was attempting to approve her application for credit. Isbell testified that she asked the caller, “What application?” because Isbell had not applied for credit. Isbell stated that, when she contacted Ragan about the situation, Ragan informed her that her application for credit had not been approved and that she would need to return the vehicle. She testified that she told Ragan she would return the vehicle if he would return her down payment, but Ra-gan refused to return her down payment. Thereafter, she stated, Rogers repossessed the vehicle. Isbell testified that her daughter had left certain items, including an engagement ring, in the vehicle. She stated that she attempted to retrieve those items but that she was unable to do so because the vehicle had been placed in storage. Isbell testified that, at the time of the repossession, the first payment on the vehicle was not yet due.
 

 
 *1260
 
 The defendants also attached to their motion the bill of sale and the title application relating to Isbell’s purchase of the vehicle. The bill of sale indicated that the price of the vehicle was $7,995, with $327.97 in taxes and fees, a down payment of $1,000, and “deferred down payment” of $400, leaving a balance on the price of the vehicle of $6,922.97. The bill of sale and the application for certificate of title listed Select Automotive Management, LLC, as the lien holder. Isbell signed both of those documents. The defendants also attached to their motion a document titled “Right of Repossession,” which was signed by Ragan, on behalf of Rogers, and Isbell. That document indicated that Rogers was extending a loan to Isbell, stating, in part:
 

 “I hereby agree that in the event that I fail to make any payment or any part of any payment
 
 on my loan from you
 
 then you are authorized by me and have the right to take said vehicle back from me, without the necessity of court order or judicial process.”
 

 (Emphasis added.)
 

 Isbell filed a response to the defendants’ summary-judgment motion in which she argued that her payments on the vehicle were current at the time Rogers repossessed it, that the defendants had told her that Rogers would be financing the purchase of the vehicle, and that genuine issues of material fact precluded the entry of a summary judgment. Isbell submitted a copy of the “auto binder receipt” for her insurance policy, which designated Rogers as the lien holder on the vehicle she was purchasing.
 

 On June 21, 2010, the trial court granted the defendants’ motion and entered a summary judgment in their favor. Isbell filed a motion to vacate the judgment pursuant to Rule 59(e), Ala. R. Civ. P., in which she stated that she had located the salesman for Rogers who was involved with her purchase of the vehicle. Isbell stated that the salesman, who was no longer employed by Rogers, would confirm that she was told that Rogers would finance the purchase of the vehicle. She also stated that she was not late on any installment payments at the time Rogers repossessed the vehicle and that Rogers had retained the funds she had paid to Rogers as a down payment on the vehicle. She specifically requested a hearing on her motion. She also stated that genuine issues of material fact had precluded the entry of a summary judgment in favor of the defendants. She requested a hearing on the motion. In later filings related to her postjudgment motion, Isbell continued to request a hearing on her postjudgment motion. The trial court did not hold the requested hearing, and, on October 14, 2010, Isbell’s post-judgment motion was denied by operation of law. Isbell filed a timely appeal, which the supreme court transferred to this court pursuant to § 12-2-7(6), Ala.Code 1975.
 

 On appeal, Isbell contends that the trial court erred when it failed to hold a hearing on her motion to vacate the summary judgment. She argues that, when a party that has filed a postjudgment motion requests a hearing on that motion, a court is required to hold that hearing. We agree.
 

 Rule 59(g), Ala. R. Civ. P., provides:
 

 “Presentation of any post-trial motion to a judge is not required in order to perfect its making, nor is it required that an order continuing any such motions to a date certain be entered. All such motions remain pending until ruled upon by the court (subject to the provisions of Rule 59.1),
 
 but shall not be ruled upon until the parties have had opportunity to be heard thereon.”
 

 
 *1261
 
 (Emphasis added.) Describing the effect of the emphasized part of that rule, our supreme court has held that when a party requests a hearing on its postjudgment motion, “the court must grant the request.”
 
 Flagstar Enters., Inc. v. Foster,
 
 779 So.2d 1220, 1221 (Ala.2000). However, although a trial court errs when it fails to hold a requested hearing on a Rule 59 postjudgment motion, the supreme court has explained that such error does not always require reversal:
 

 “Harmless error occurs, within the context of a Rule 59(g) motion, where there is either no probable merit in the grounds asserted in the motion, or where the appellate court resolves the issues presented therein, as a matter of law, adversely to the movant, by application of the same objective standard of review as that applied in the trial court.”
 

 Greene v. Thompson,
 
 554 So.2d 376, 381 (Ala.1989).
 

 In the present case, Isbell specifically requested a hearing on her post-judgment motion. By failing to hold such a hearing, the trial court committed error. We conclude that that error requires reversal because, based on the above-discussed evidence and the arguments contained in Isbell’s postjudgment motion (e.g., that genuine issues of material fact precluded the entry of a summary judgment), there is probable merit to Isbell’s motion.
 

 Rogers argues that this court should affirm the trial court’s summary judgment because Isbell’s motion was based on newly discovered evidence, i.e., the testimony of the salesperson who sold her the vehicle, but that she did not actually present that testimony to the trial court or provide any evidence indicating that she could not have submitted that testimony to the trial court before the trial court entered the summary judgment. However, even assuming the testimony of the salesperson constituted “newly discovered evidence,” Isbell was not required to present that evidence in her motion,
 
 see Flagstar,
 
 779 So.2d at 1221-22 (trial court’s judgment reversed for noncompliance with Rule 59(g) in failing to hold hearing on postjudgment motion that included only
 
 allegations
 
 of juror misconduct), and she was free to wait until the hearing she had requested on her motion to provide evidence of why she could not have submitted that testimony before the trial court entered the summary judgment,
 
 see Ex parte Owen,
 
 860 So.2d 877, 880 (Ala.2003) (“In
 
 McDowell
 
 [v.
 
 Burford,
 
 646 So.2d 1327 (Ala.1994) ], we stated that the plaintiffs were required to demonstrate the circumstances that had prevented them from presenting evidence to counter the evidence offered in support of the defendant’s motion for a summary judgment. 646 So.2d at 1328. There is no rule, however, that requires those circumstances to be demonstrated through affidavits or other evidence submitted with the written motion; it is sufficient if the trial court considers oral testimony to support a Rule 59(e) motion to alter, amend, or vacate a judgment.”).
 

 Moreover, in addition to relying on the discovery of the whereabouts of the salesperson and the testimony the salesperson would provide, Isbell also argued in her postjudgment motion that there were genuine issues of material fact precluding summary judgment. That argument does not appear to rest entirely on newly discovered evidence, and, as a result, the provision of the salesperson’s testimony would not have been necessary to support all aspects of Isbell’s postjudgment motion.
 

 Rogers also restates to this court the arguments it made to the trial court in support of its summary-judgment motion. However, the question posed by the present appeal is not whether the trial court
 
 *1262
 
 properly entered a summary judgment in favor of the defendants but, rather, whether the trial court’s error in refusing to afford Isbell the hearing she requested on her postjudgment motion is reversible error because there was probable merit in Isbell’s motion.
 
 See Greene,
 
 554 So.2d at 381. We will not, at this juncture, make a determination on the ultimate issues underlying the summary judgment. As noted above, we have concluded that there was probable merit in Isbell’s post-judgment motion and, as a result, that the trial court erred to reversal in allowing Isbell’s postjudgment motion to be denied without a hearing.
 

 Based on the foregoing, we reverse the denial of Isbell’s postjudgment motion by operation of law, and we remand the cause to the trial court to hold the requested hearing on that motion as mandated by Rule 59(g), Ala. R. Civ. P.
 

 REVERSED AND REMANDED WITH INSTRUCTIONS.
 

 PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.
 

 [1]
 

 . This entity is also referred to in the record as "Rogers Motors” and "Rogers Motors, Inc.” Isbell also named Roger Ragan, the owner of Rogers, as a defendant in the action. Although Isbell listed only Rogers as the ap-pellee in her notice of appeal, the appellees' brief indicates that it was filed on behalf of Rogers and Ragan.