Rel: February 3, 2023

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2022-2023

_____

### CL-2022-0510

_____

### Alise N. Ellis

### v.

### Michael Wayne Duncan

### Appeal from Montgomery Circuit Court
### (DR-19-900733)

THOMPSON, Presiding Judge.

Alise N. Ellis ("the mother") appeals the judgment of the Montgomery Circuit Court ("the trial court") adjudicating Michael Wayne Duncan ("the father") as the legal father of E.D. ("the child"), born in May 2016, and awarding the parties joint legal custody of the child, the mother

sole physical custody of the child, and the father visitation with the child. We reverse the denial of the mother's postjudgment motion by operation of law and remand the cause for the trial court to conduct a hearing on that motion.

On November 25, 2019, the mother filed in the trial court a petition for a determination of paternity and custody of the child. The mother asked the trial court to adjudicate the father to be the legal father of the child, to award her legal and physical custody of the child, and to order the father to pay child support. On December 14, 2019, the father filed an answer in which he acknowledged that he was the child's father and a counterclaim asking the trial court to award him joint legal custody of the child with reasonable visitation. After considering the evidence presented at a trial conducted on July 26, 2021, the trial court, on October 18, 2021, entered a final judgment adjudicating the father to be the legal father of the child and awarding the parties joint legal custody of the child, the mother sole physical custody of the child, the father visitation, and the mother $766 per month as child support and $10,000 as past-due child support. Regarding the father's visitation, the judgment provides:

> "a. The father shall have visitation with the minor child on the 1st and 3rd weekends of each month beginning

November 6, 2021, from 6:00 p.m. on Friday until 6:00 p.m. on Sunday. <u>Should Dr. Kale Kirkland decide that supervised visitation is needed, Dr. Kirkland shall have the authority to change the father's visitation to supervised visitation, and Dr. Kirkland shall be designated as the coordinator. Likewise, Dr. Kirkland also has the authority to change the visitation schedule.</u> Dr. Kirkland and/or the parties may mutually agree upon the visitation supervisor should one be required. The father is responsible for coordinating said visitation with Dr. Kirkland. The mother shall contact Dr. Kirkland to confirm the time of said visits. The parties shall be responsible for payment of any supervised visitations on a pro-rata basis in accordance with child support guidelines."

(Emphasis added.)

On November 16, 2021, the mother filed a postjudgment motion, alleging, among other things, that the award of joint legal custody was not in the child's best interest, that unsupervised visitation by the father with the child was not in the child's best interest, that the trial court exceeded its discretion by authorizing Dr. Kirkland to modify the father's type of visitation and visitation schedule, and that the trial court erred in determining the amount of past-due child support. The mother asked the trial court to conduct a hearing to address the issues raised in her postjudgment motion. While the postjudgment motion was pending, the trial judge, after consideration of a motion to recuse filed by the father, recused herself. No hearing was conducted on the mother's postjudgment

3

motion, and the motion was denied by operation of law on February 14, 2022. See Rule 59.1, Ala. R. Civ. P.  On March 24, 2022, the mother filed her notice of appeal.

The mother contends on appeal that the trial court erred by allowing her postjudgment motion to be denied by operation of law without conducting a hearing.

In Isbell v. Rogers Auto Sales, 72 So. 3d 1258, 1260-61 (Ala. Civ. App. 2011), this court stated:

> "Rule 59(g), Ala. R. Civ. P., provides:
>
> "'Presentation of any post-trial motion to a judge is not required in order to perfect its making, nor is it required that an order continuing any such motions to a date certain be entered. All such motions remain pending until ruled upon by the court (subject to the provisions of Rule 59.1), but shall not be ruled upon until the parties have had opportunity to be heard thereon.'
>
> "(Emphasis added.)  Describing the effect of the emphasized part of that rule, our supreme court has held that when a party requests a hearing on its postjudgment motion, 'the court must grant the request.' Flagstar Enters., Inc. v. Foster, 779 So. 2d 1220, 1221 (Ala. 2000). However, although a trial court errs when it fails to hold a requested hearing on a Rule 59 postjudgment motion, the supreme court has explained that such error does not always require reversal:
>
> "'Harmless error occurs, within the context of a Rule 59(g) motion, where there is either no

4

> probable merit in the grounds asserted in the motion, or where the appellate court resolves the issues presented therein, as a matter of law, adversely to the movant, by application of the same objective standard of review as that applied in the trial court.'

"Greene v. Thompson, 554 So. 2d 376, 381 (Ala. 1989)."

See also Rogers v. Rogers, 260 So. 3d 840, 844-45 (Ala. Civ. App. 2018).

The mother in her postjudgment motion requested a hearing to address the issues that she raised in her motion, and this court agrees with the mother that the trial court erred in refusing to conduct such a hearing. See Rule 59(g), Ala. R. Civ. P. Thus, the issue now becomes whether the failure to conduct a hearing was harmless.

In her postjudgment motion and on appeal, the mother contends that the trial court exceeded its discretion by authorizing Dr. Kirkland "to change the father's visitation to supervised visitation … and to change the visitation schedule." According to the mother, this delegation of authority is erroneous and is not harmless error. The father in his appellate brief agrees with the mother that the provision delegating the trial court's authority to Dr. Kirkland to decide whether the father's visitation should be supervised is improper.

In <u>Pratt v. Pratt</u>, 56 So. 3d 638, 644 (Ala. Civ. App. 2010), this court stated:

"'"The <u>trial court</u> is entrusted to balance the rights of the parents with the child's best interests to fashion a visitation award that is tailored to the specific facts and circumstances of the individual case."' <u>Ratliff [v. Ratliff]</u>, 5 So. 3d [570,] 586 [(Ala. Civ. App. 2008)] (quoting <u>Nauditt v. Haddock</u>, 882 So. 2d [364,] 367 [(Ala. Civ. App. 2003)(plurality opinion)]) (emphasis added). That judicial function may not be delegated to a third party. <u>See</u>, <u>e.g.</u>, <u>M.R.J. v. D.R.B.</u>, 34 So. 3d 1287 (Ala. Civ. App. 2009)(reversing as an improper delegation of judicial authority a trial court's visitation judgment in which the mother's visitation was at the sole discretion of the child's guardian ad litem). A trial court is not empowered to delegate its judicial functions even to another governmental agency. <u>Hall v. Hall</u>, 717 So. 2d 416 (Ala. Civ. App. 1998)(a trial court cannot delegate the decision whether to terminate father's supervised visitation to those who would decide whether father would be prosecuted for sexual abuse). <u>See also</u> <u>Sloand v. Sloand</u>, 30 A.D. 3d 784, 816 N.Y.S. 2d 603 (N.Y. App. Div. 2006)(affirming that portion of the trial court's order awarding supervised visitation to mother, but reversing as an improper delegation of judicial authority that portion of the order delegating to the child's therapist the authority to expand or reduce mother's access to child)."

Although the trial court's visitation award, as written, vests the father with unsupervised visitation, it provides Dr. Kirkland, a third party, with complete discretion to determine whether an award of unsupervised visitation is appropriate and the authority to modify the type of visitation awarded and the visitation schedule. Because those are

nondelegable determinations for the trial court to make, the mother's postjudgment motion contains merit, and the denial of the mother's postjudgment motion without a hearing cannot be considered harmless.

For the foregoing reasons, we reverse the denial of the mother's postjudgment motion by operation of law, and we remand the cause to the trial court to conduct a hearing on the issues raised in her postjudgment motion. Frazier v. Curry, 119 So. 3d 1195 (Ala. Civ. App. 2013); and Isbell, supra. Although the mother raised other arguments in her postjudgment motion, the lack of a hearing on the propriety of the visitation award is dispositive, and we express no opinion as to the validity of the other arguments raised by the mother and pretermit discussion of them. See Henderson v. Henderson, 123 So. 3d 974, 977-78 (Ala. Civ. App. 2013).

The mother's request for an attorney fee on appeal is denied.

REVERSED AND REMANDED.

Moore, Edwards, and Fridy, JJ., concur.

Hanson, J., recuses himself.