Wilma Milton Walls appeals from the denial of a motion to alter, amend, or vacate a judgment. The issue presented by this appeal is as follows: Is the judgment in this case subject to reversal for the judge's failing to comply with the mandate of Rule 59(g), A.R.Civ.P., which requires that post-judgment motions not be ruled on until the parties, having requested a hearing thereon, have had an opportunity to be heard?
Daniel L. Tatum, the brother of Walls, established a savings account with the Bank of Prattville. Walls alleges that "Wilma Middleton" was mistakenly named as the death beneficiary on the signature card for this account. At the time "Wilma Middleton" was listed, Walls was using the name Wilma Milton. She alleges that the name on the account was supposed to have been "Wilma Milton."
After Tatum's death, Walls filed a declaratory judgment action to establish the beneficiary of Tatum's savings account. The estate of Tatum later intervened in this action. The trial court's order, filed on November 15, 1988, held that the funds in question were to be paid to Tatum's estate. On December 14, 1988, Walls filed a motion to alter, amend, or vacate the judgment, and she requested oral argument on this motion. The court denied this motion on December 23, 1988, without giving Walls notice of a hearing and without allowing Walls an opportunity to be heard.
It has been clearly held by the Alabama Court of Civil Appeals, in two separate opinions, that the failure to comply with the mandate of Rule 59(g) is error. Adams v. City ofDothan Bd. of Education, 475 So.2d 580 (Ala.Civ.App. 1985); andFrederick v. Strickland, 386 So.2d 1150 (Ala.Civ.App. 1980). We hold, consistent with Adams and Frederick, that, where a hearing on a motion for new trial is requested pursuant to Rule 59(g), the trial court errs in not granting such a hearing.
Was that error in this case necessarily reversible or can it be taken as harmless error? Because we determine that there is probable merit in the motion, we hold that the error, under the circumstances of this case, does not fall within the harmless error rule. Compare Greene v. Thompson, 554 So.2d 376
(Ala. 1989).
REVERSED AND REMANDED.
All the Justices concur.