In 2001, after 22 years of marriage, David J. Evans ("the husband") and Carol R. Evans ("the wife") were divorced by the Marshall Circuit Court, following the presentation of ore tenus evidence. The wife filed a Rule 59, Ala.R.Civ.P., motion to alter, amend, or vacate the judgment, or, alternatively, for a new trial ("the Rule 59 motion"). In the Rule 59 motion, the wife requested a hearing, which the trial court did not grant. On July 17, 2001, the trial court entered an amended judgment of divorce, from which the wife appealed.
The Court of Civil Appeals affirmed the judgment of the trial court, without opinion. Evans v. Evans (No. 2001205), 878 So.2d 346
(Ala.Civ.App. 2002) (table). After the Court of Civil Appeals overruled the wife's application for rehearing, the wife petitioned this Court for certiorari review, which we granted on March 26, 2003. We reverse and remand with directions.
This divorce action began on September 26, 2000, when the wife filed a complaint in the Marshall Circuit Court. She alleged that the husband was engaged in "an open adulterous affair." Also, the complaint alleged *Page 299 
"a complete incompatibility of temperament . . . between the parties" and "an irretrievable breakdown of the marriage." In her demand for judgment, the wife sought relief in the form of a "divorce . . . on the grounds of adultery."
On October 30, 2000, the husband filed an answer and a counterclaim. In his answer, the husband admitted "a relationship with a third party." Also, he admitted "a complete incompatibility of temperament" and "an irretrievable breakdown of the marriage," and in his counterclaim he sought a judgment of divorce on those grounds.
The case was tried on March 6, 2001, and both the husband and the wife testified. The trial court also received into evidence numerous exhibits, including the deposition of the woman with whom the husband was having the adulterous relationship.
On May 23, 2001, the trial court entered a final judgment of divorce. The judgment did not mention the husband's adultery, and it did not specify any ground for the divorce. The other terms of the judgment are not relevant to our review of this matter.
On June 22, 2001, the wife filed the Rule 59 motion, requesting that the trial court "set a hearing in this matter." In that motion, the wife alleged, in pertinent part, that the trial court had exceeded its discretion "by failing to state the grounds for divorce as being the adulterous conduct of the [husband]," and by failing to award her a larger share of the marital property and a larger amount of periodic alimony.
On July 2, 2001, the husband filed a response to the wife's Rule 59 motion. In that response, the husband stated, in pertinent part:
 "To the extent the court is of the opinion that the grounds for divorce are not sufficiently identified in the judgment of divorce, ample evidence demonstrated that the parties have a complete incompatibility of temperament such that they can no longer live together as husband and wife, and there has been an irretrievable breakdown of the marriage and further attempts at reconciliation are futile and not in the best interest of the parties and family. Therefore, the judgment can be amended to state the divorce is granted on the grounds of incompatibility of temperament."
The trial court did not schedule a hearing on the wife's Rule 59 motion. Instead, on July 17, 2001, the trial court entered an amended judgment of divorce, which differed very little from its earlier judgment, and in only one relevant respect. The amended judgment added a ground for the divorce, stating that the husband and the wife "are forever divorced from each other for and on account of irretrievable breakdown of the marriage." From that amended judgment of divorce, the wife appealed.
The wife contends that the Court of Civil Appeals' affirmance of the judgment of the trial court conflicts with this Court's decision inFlagstar Enterprises, Inc. v. Foster, 779 So.2d 1220 (Ala. 2000). Our resolution of this issue is dispositive of this appeal. In Flagstar, this Court stated:
 "In general, whether to grant or to deny a posttrial motion is within the sound discretion of the trial court, and the exercise of that discretion will not be disturbed on appeal unless by its ruling the court abused some legal right and the record plainly shows that the trial court erred. See Green Tree Acceptance, Inc. v. Standridge, 565 So.2d 38 (Ala. 1990). However, if a party requests a hearing on its motions for a new trial, the court must grant the request. Rule 59(g), Ala.R.Civ.P. See *Page 300 Walls v. Bank of Prattville, 554 So.2d 381, 382 (Ala. 1989) ('[W]here a hearing on a motion for [a] new trial is requested pursuant to Rule 59(g), the trial court errs in not granting such a hearing.'). Although it is error for the trial court not to grant such a hearing, this error is not necessarily reversible error. For example, if an appellate court determines that there was no probable merit to the motion, it may affirm based on the harmless-error rule. See Rule 45, Ala.R.App.P.; and Kitchens v. Maye, 623 So.2d 1082, 1088 (Ala. 1993) (`failure to grant a hearing on a motion for new trial pursuant to Rule 59(g) is reversible error only if it "probably injuriously affected substantial rights of the parties"')."
779 So.2d at 1221. In light of these well-established principles, it is apparent that the trial court erred in failing to grant a hearing on the wife's Rule 59 motion. Therefore, we must determine whether there is "probable merit" in the wife's allegation that the trial court exceeded its discretion in failing to state in its order that adultery was the ground for the divorce.
In her petition for the writ of certiorari, the wife points out that "[i]n its final judgment, the trial court did not make a finding of adultery by the [husband]," and, further, she contends that the trial court "ignored [the husband's] admitted adultery when it adopted [the husband's] requested property division." In Ex parte O'Daniel,515 So.2d 1250, 1253 (Ala. 1987), this Court stated:
 "A trial judge does not have to grant a divorce on the grounds of adultery or to divide the property in light of one party's adultery unless the failure to do so would be palpably wrong in light of extensive evidence of adultery."
(Emphasis added.) See also Jordan v. Jordan, 802 So.2d 238, 240
(Ala.Civ.App. 2001); and Wilkerson v. Wilkerson, 719 So.2d 235, 237
(Ala.Civ.App. 1998). One of the "[f]actors the trial court should consider in its award of alimony and its division of property [includes] the conduct of the parties in relation to the marriage." Turner v.Turner, 804 So.2d 1118, 1120 (Ala.Civ.App. 2001).
The husband and the wife were married in 1978. On May 4, 2000, the wife learned of the husband's adulterous relationship, a relationship that began in April 1999. On May 21, 2000, the husband moved from the marital residence. Shortly after the parties' separation, and before the wife filed the divorce action, the parties attempted to reconcile. However, those attempts failed when the husband informed the wife that his adulterous relationship was continuing.
As previously stated, the husband admitted the adulterous relationship in his answer. The third party also admitted the continuing relationship in her deposition, which was taken only five days before trial. Finally, at trial, the following colloquy occurred:
 "THE COURT: Well, do [you] stipulate — as I understand it, [you] have told me that [you] stipulate to the grounds for divorce.
 "[HUSBAND'S ATTORNEY]: Judge, we stipulated to the relationship that existed. Yes, sir."
The trial court made no other reference, direct or indirect, to the husband's adultery.
We must conclude that the trial court's error in not granting a hearing on the wife's Rule 59 motion was not harmless, because we find "probable merit" in the wife's contention that the trial court should have granted the divorce on the ground of adultery and should have considered the husband's adultery in dividing the marital *Page 301 
property and making its award of alimony. Therefore, the judgment of the Court of Civil Appeals is reversed, and the Court of Civil Appeals is directed to remand the cause for the trial court to conduct a hearing on the merits of the wife's Rule 59 motion.
REVERSED AND REMANDED WITH DIRECTIONS.
HOUSTON, SEE, LYONS, BROWN, HARWOOD, and STUART, JJ., concur.