WOODALL, Justice.
Mary Ann Johnson and Cheryl Johnson, individually and as next friend of Samuel Johnson, a minor, appeal from the trial court’s denial of their motion for a new trial. We reverse and remand.
After Mary Ann Johnson and Samuel Johnson, a minor, were injured in a house fire, Mary Ann and Cheryl Johnson, individually and as next friend of Samuel, filed a personal-injury action against Willie L. Strain and Darryl O. Strain, the owners of the house that was being leased to the Johnsons, and Mendy Strain, the wife of Willie L. Strain. Ultimately, a jury returned verdicts in favor of the Strains, and the trial court entered its judgments accordingly.
On March 11, 2008, the Johnsons filed a motion for a new trial. Relevant to *1228 this appeal is what the Johnsons describe as “a juror impropriety issue.” Johnsons’ brief, at 3. In that regard, the motion for a new trial alleged, in pertinent part:
“12. Secondly, one of the venire selected to be on the jury was [R.E.L.]. She was number 132 on the Circuit Clerk’s venire list. She was selected among the first twelve persons to serve. She was not selected as an alternate juror. Two others were the alternates: number 190, [D.D.R.,] and number 225, [M.B.T.]. The alternates ... are believed to have been properly released prior to the case being submitted to the jury-
“13. [R.E.L.] has stated to undersigned counsel, Richard Lawrence (by phone on 2/21/08 and in person on 3/7/08), and also to Scott Johnson, trial co-counsel (in person on 3/7/08), that she was removed as a juror from this case at the close of the case (after sitting through all testimony) and was not allowed to take part in the deliberations of the jury.
“14. The Circuit Clerk’s records show that number 190, [D.D.R.,] and number 225, [M.B.T.,] were the alternate jurors in this case. As noted above, [they] are believed to have been properly removed from the jury prior to the jury beginning their deliberations.
“15. Rule 47 of the Alabama Rules of Civil Procedure addresses the selection of jurors and alternate jurors.
“16. There was no basis for the removal of [R.E.L.] from the jury. Such removal was without the knowledge of the undersigned counsel.
“17. The [Johnsons] had a right to have the case decided by the jury selected. Alabama Constitution 1901, section 11.
“18. The [Johnsons] request that they be allowed to present oral testimony on this issue. The Comments to Rule 59 note that oral testimony may be taken on a motion for a new trial.
“19. Alternatively, should the evidence be that the juror in question in fact took part in the deliberations of the jury but has no memory of doing so, the [Johnsons] allege that a juror of unsound mind took part in deciding the instant case, and that such was not disclosed prior to jury selection. Sanders v. Scarvey, 284 Ala. 215, 218-219, 224 So.2d 247 (1969); § 12-16-150, Code of Alabama, 1975.
“WHEREFORE, the Plaintiffs, Mary Ann Johnson, Cheryl Johnson, individually; and Cheryl Johnson as next of friend of Samuel Johnson, a minor, respectfully pray that this motion be set for hearing for the talcing of testimony and for argument, and that at the conclusion of the hearing that this Honorable Court enter an order granting the Plaintiffs a new trial.”
(Emphasis added.) The day after the motion was filed, the trial court denied it without granting the hearing the Johnsons requested. The Johnsons’ appeal presents a single issue, namely, whether the trial court erred in denying the motion for a new trial without granting the requested hearing.
In Flagstar Enterprises, Inc. v. Foster, 779 So.2d 1220, 1221 (Ala.2000), this Court stated:
“In general, whether to grant or deny a posttrial motion is within the sound discretion of the trial court, and the exercise of that discretion will not be disturbed on appeal unless by its ruling the court abused some legal right and the record plainly shows that the trial court erred. See Green Tree Acceptance, Inc. v. Standridge, 565 So.2d 38 (Ala.1990). However, if a party requests a hearing on its motions for a *1229 new trial, the court must grant the request. Rule 59(g), Ala. R. Civ. P. See Walls v. Bank of Prattville, 554 So.2d 381, 382 (Ala.1989) (‘[WJhere a hearing on a motion for [a] new trial is requested pursuant to Rule 59(g), the trial court errs in not granting such a hearing.’). Although it is error for the trial court not to grant such a hearing, this error is not necessarily reversible error. For example, if an appellate court determines that there was no probable merit to the motion, it may affirm based on the harmless-error rule. See Rule 45, Ala. R.App. P.; and Kitchens v. Maye, 623 So.2d 1082, 1088 (Ala.1993) (‘failure to grant a hearing on a motion for new trial pursuant to Rule 59(g) is reversible error only if it “probably injuriously affected substantial rights of the parties” ’).”
See also Unicare, Inc. v. Hood, 823 So.2d 1252, 1253 (Ala.2001) (“This Court has held that when a hearing is requested pursuant to Rule 59(g), the trial court errs in not granting a hearing.”).
The Johnsons unambiguously requested a hearing; therefore, the trial court erred in not affording them an opportunity to be heard on their motion for a new trial. Based upon the record before this Court, we cannot conclude “that there was no probable merit to the motion.” Consequently, we may not affirm the judgments based on the harmless-error rule.
For the foregoing reasons, the judgments of the trial court are reversed, and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
COBB, C.J., and SEE, SMITH, and PARKER, JJ., concur.