THOMPSON, Presiding Judge.
 

 Jeremy Ray Cunningham (“the father”) appeals from the trial court’s order denying his motion to alter, amend, or vacate the final judgment entered in this case. For the reasons stated herein, we reverse and remand.
 

 The Henry Circuit Court divorced the father and Roxanne Rodarte Edwards (“the mother”) in an earlier judgment that, among other things, awarded the father custody of the parties’ children and provided that the mother was to pay child support to the father. In this action, the father petitioned the trial court for an increase in the mother’s child-support obligation; the mother filed a counterpetition in which she sought custody of the parties’ children.
 

 After an ore tenus hearing, the trial court suspended the mother’s child-support obligation because it found that she was “at least presently disabled.” The trial court allowed the father to claim the parties’ children as dependents for tax purposes. The parties were to share equally the insurance and medical expenses for the children. The mother was also ordered to provide the father with a copy of an insurance card for the children. In addition, the trial court denied the mother’s request for custody and established a visitation schedule for the mother. In the judgment, the trial court conditioned the father’s continuing custody and the mother’s visitation upon each not allowing the children to have contact with a certain cousin. The trial court also admonished the parties to stop discussing issues of the divorce and making derogatory comments about each other in front of the children. The trial court specifically noted “for future reference that both par-, ties have subjected the minor children to excessive litigation, personal involvement in the parents’ divorce and consultations with numerous counselors.” Finally, the trial court ordered the father to pay $1,500 toward the mother’s attorney fee and ordered the parties to each pay half the guardian ad litem fee. The father moved
 
 *477
 
 to alter, amend, or vacate the judgment, arguing that the trial court had improperly-ordered him to pay half the guardian ad litem fee because, he says, the guardian ad litem acted as an advocate on behalf of the mother. He also asserted that the trial court had improperly ordered him to pay $1,500 toward the mother’s attorney fee. The trial court denied the motion without a hearing.
 

 On appeal, the father contends that the trial court erred in denying his motion to alter, amend, or vacate the final judgment without affording him a hearing as required by Rule 59(g), Ala. R. Civ. P. Rule 59(g) provides that posttrial motions “remain pending until ruled upon by the court (subject to the provisions of Rule 59.1), but shall not be ruled upon until the parties have had opportunity to be heard thereon.” The failure to hold a hearing on a posttrial motion is not always reversible error, however. Our supreme court has stated:
 

 “ ‘[I]f a party requests a hearing on its motion for a new trial, the court must grant the request.’
 
 Ex parte Evans,
 
 875 So.2d 297, 299-300 (Ala.2003) (citing Rule 59(g), Ala. R. Civ. P., and
 
 Walls v. Bank of Prattville,
 
 554 So.2d 381, 382 (Ala.1989)). Although it is error for the trial court not to grant such a hearing, this error is not necessarily reversible error. ‘This Court has established, however, that the denial of a postjudgment motion without a hearing thereon is harmless error, where (1) there is ... no probable merit in the grounds asserted in the motion, or (2) the appellate court resolves the issues presented therein, as a matter of law, adversely to the movant, by application of the same objective standard of review as that applied in the trial court.’
 
 Historic Blakely Auth. v. Williams,
 
 675 So.2d 350, 352 (Ala.1995) (citing
 
 Greene v. Thompson,
 
 554 So.2d 376 (Ala.1989)).”
 

 Chism v. Jefferson County,
 
 954 So.2d 1058, 1086 (Ala.2006).
 

 In his postjudgment motion, and again on appeal, the father challenged the reasonableness and necessity of the guardian ad litem fee. In its judgment, the trial court considered that fee to be an “additional court cost” and ordered the parties to pay equal amounts toward the fee. The record shows that the mother requested the appointment of a guardian ad litem in the instant case and that the father opposed the appointment. Furthermore, we note that the final judgment was entered on July 9, 2008, and the guardian ad litem did not submit her fees until August 12, 2008. In
 
 Ex parte R.D.N.,
 
 918 So.2d 100, 105 (Ala.2005), our supreme court held that the father “was entitled to an eviden-tiary hearing for the purpose of determining a reasonable fee for the guardian ad litem.” In this case, in denying the father’s motion to alter, amend, or vacate the judgment without first holding a hearing on the issues raised in the motion, the trial court prevented the father from contesting the reasonableness of the fee of the guardian ad litem. Based upon the record before us, we cannot say that the father’s challenge to the necessity and reasonableness of the fee is without merit. Therefore, the trial court improperly denied a hearing on the father’s motion to alter, amend, or vacate.
 

 The father also asserted in his postjudgment motion, and again on appeal, that the trial court had improperly ordered him to pay a portion of the mother’s attorney fee. An award of an attorney fee in a domestic-relations case rests within the sound discretion of the trial court.
 
 Thompson v. Thompson,
 
 650 So.2d 928, 931 (Ala.Civ.App.1994).
 

 
 *478
 
 dactors to be considered by the trial court when awarding such fees include the financial circumstances of the parties, the parties’ conduct, the results of the litigation, and, where appropriate, the trial court’s knowledge and experience as to the value of the services performed by the attorney.”
 
 Figures v. Figures,
 
 624 So.2d 188, 191 (Ala.Civ.App.1993). Additionally, a trial court is presumed to have knowledge from which it may set a reasonable attorney fee even when there is no evidence as to the reasonableness of the attorney fee.
 
 Taylor v. Taylor,
 
 486 So.2d 1294 (Ala.Civ.App.1986).’
 

 “Glover v. Glover,
 
 678 So.2d 174, 176 (Ala.Civ.App.1996).”
 

 Springer v. Damrich,
 
 993 So.2d 481, 489-90 (Ala.Civ.App.2008).
 

 In this case, the record shows that, during the course of the litigation between the parties after the initial judgment of divorce was entered, the father’s request for a waiver of payment of docket fees was granted based upon a finding of substantial financial hardship. He contends that he does not have the financial ability to pay the mother’s attorney fee. In the present action, the father failed to prevail on his petition seeking additional child support from the mother. By the same token, the mother failed to prevail on her coun-terpetition for custody of the children. The trial court chastised
 
 both parties
 
 for continuing to make derogatory comments about each other to their children and for subjecting the children to continuous involvement in the parties’ litigation of this matter, including requiring them to see counselors for purposes of obtaining evidence against one another in court. It appears to this court that both parties share the blame for the continuing litigation and its associated costs. Based on the record before us, therefore, we cannot say that the father’s challenge to that portion of the judgment ordering him to pay $1,500 toward the mother’s attorney fee is so lacking in merit that a hearing on his postjudgment motion was not necessary.
 

 Accordingly, we conclude that the trial court erred to reversal in denying the father’s motion to alter, amend, or vacate the judgment without first holding a hearing, at least as to the issues brought to this court’s attention by the father on appeal, i.e., the award of an attorney fee to the mother and the necessity and reasonableness of the guardian ad litem fee. In holding as we do, we do not reach the question whether the trial court exceeded its discretion in ordering the father to pay the challenged fees.
 

 For the foregoing reasons, the order of the trial court denying the father’s motion to alter, amend, or vacate the judgment without first holding a hearing is reversed, and this cause is remanded for further proceedings consistent with this opinion.
 

 The father’s request for an attorney fee on appeal is denied.
 

 REVERSED AND REMANDED.
 

 PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.