THOMAS, Judge.
Shonika McCreless and Steven Valentin were married on July 5,1997; there is one child of the marriage. The Morgan Circuit Court entered a judgment divorcing the parties on July 28, 2005 (“the divorce judgment”). According to the parties’ appellate briefs, the parties’ written settlement agreement regarding the division of the marital assets and debts and child custody and support was incorporated into the divorce judgment.[1] The divorce judgment did not include a specific award of spousal support to either party.
Valentin was required to pay McCreless’s student loan in the amount of $300 per month. The $300-a-month student-loan award was within a seven item list in a paragraph with the following header: “[Valentin] shall be solely responsible for and [McCreless] shall be held harmless on the following debts.” McCreless was required to pay any amount over $300-a-month on her student loan in a paragraph with the following header: .“[McCreless] shall be solely responsible for and [Valentin] shall be held harmless on the following debts.” The parties did not appeal the divorce judgment.
The divorce judgment was modified three times before the September 27, 2011, modification (“the 2011 modification”) that is the subject of this appeal. On September 22, 2006, the circuit court modified the divorce judgment (“the 2006 modification”) and included the statement that Valentin’s “[c]ourt ordered spousal support in the sum of $300 per month is not modified.” The divorce judgment had referred to a judgment amount of $300 per month twice. Valentin was ordered to pay $300 per month toward McCreless’s automobile lease until April 2008 as well as the $300-a-month student-loan award; neither *1001 award was referred to as an award of spousal support in the divorce judgment. The parties did not appeal the 2006 modification. McCreless remarried in February 2007.
The divorce judgment was again modified on February 17, 2009 (“the 2009 modification”), and in the 2009 modification the circuit court specifically noted that Valentin’s obligation to pay the $300-a-month student-loan award was not subject to a modification because the award was a “property settlement and not periodic alimony.” The parties did not appeal the 2009 modification. The divorce judgment was modified for a third time on May 17, 2010, but that modification is not relevant to the issues on appeal.
At some point in 2011 McCreless filed a fourth petition for modification.[2] Valentin answered the petition and filed a cross-claim on July 1, 2011, in which he alleged, among other things, that McCreless had borrowed additional money on her student-loan account after the divorce judgment had been entered. A trial was set for August 28, 2011. On that date, no testimony was taken; the parties offered stipulations of fact and documentary evidence to the circuit court on the two issues upon which they had not reached an agreement — the amount of monthly child support owed by Valentin and whether Valentin remained obligated to pay the $300-a-month student-loan award.
The 2011 modification, among other things, modified Valentin’s child-support obligation because it determined that McCreless was “capable of earning $3,333 per month,” although she had asserted that she earned only $774 per month. It also found that Valentin’s obligation to pay the $300-a-month student-loan award had “automatically terminated” when McCreless remarried in February 2007; therefore, the trial court stated that the 2009 modification that had “reclassified” the $300-a-month student-loan award as a property settlement was “of no force and effect.”
On October 26, 2011, McCreless filed a motion to alter, amend, or vacate the circuit court’s judgment, asserting that the circuit court had erred in its determination that the $300-a-month student-loan award was an award of periodic alimony. The exact words in her postjudgment motion were: “The Order declares an obligation set out in the original divorce to be periodic alimony instead of a property settlement. [McCreless] avers this payment should correctly be called a property settlement and would request a hearing on this matter.” She argued that Valentin had not appealed the 2009 modification that had determined that the $300-a-month student-loan award was a property settlement and that the $300-a-month student-loan award meets the requirements of a property settlement. She further contended that the circuit court had failed to calculate the arrearage that, she says, Valentin owed to her because of his failure to make some of the payments on the student loan between the time of the divorce and her remarriage. Finally, she contended that the circuit court had erred by imputing income to her and in its calculation of Valentin’s child-support obligation. She requested an amendment of the entire judgment “either upon this motion or after setting this matter for a hearing.” Her motion was denied without a hearing on October 28, 2011.
McCreless timely appealed to this court on December 7, 2011. On appeal she contends that the circuit court erred in its refusal to grant a hearing on her post- *1002 judgment motion regarding the calculation of the child-support award and the termination of Valentin’s obligation to pay the $300-a-month student-loan award.
“At the outset, we note that the usual presumptions of correctness applied to the trial court’s findings in ore terms cases are not applicable here. Hacker v. Carlisle, 388 So.2d 947, 950 (Ala.1980). We review the evidence presented in the record before us without any presumption of correctness, due to the trial judge’s having taken no oral testimony. Ingram v. Pollock, 557 So.2d 1199 (Ala.1989); Bownes v. Winston County, 481 So.2d 362, 364 (Ala.1985) (‘[wjhere the evidence is stipulated, and no testimony is presented orally before the trial court, this Court will review without any presumption in favor of the trial court’s findings and sit in judgment on the evidence’); Ex parte British Steel Corp., 426 So.2d 409, 414 (Ala.1982); Hacker v. Carlisle, supra (‘This case was tried without a jury on stipulations and briefs of the parties and primarily documentary evidence. No testimony of any witness was admitted into evidence on any material matter. In such a situation, the appellate court sits in judgment on the evidence’) (emphasis original); see also Perdue v. Roberts, 294 Ala. 194, 314 So.2d 280 (1975); McCulloch v. Roberts, 292 Ala. 451, 454, 296 So.2d 163 (1974) (‘[t]his is in effect the negative expression of the ore tenus rule’); Sheehan v. Liberty Mutual Fire Ins. Co., 288 Ala. 137, 258 So.2d 719 (1972); Kennedy v. State Dept. of Pensions & Security, 277 Ala. 5, 166 So.2d 736 (1964); Adams v. Logan, 260 Ala. 346, 70 So.2d 786 (1954); Redwine v. Jackson, 254 Ala. 564, 569, 49 So.2d 115 (1950); 5 Am. Jur. 2d Appeal and Error, § 825 at 267 (1962). Thus, we must review the evidence in this case without any presumption in favor of the trial court’s ruling.”
Phillips v. Knight, 559 So.2d 564, 567 (Ala.1990).
McCreless filed a timely post-judgment motion in which she made a specific request for a hearing on the issue whether the $300-a-month student-loan award was periodic alimony or a property settlement and a general request for a hearing on all issues raised in her post-judgment motion, which included her contentions that the circuit court had erred by imputing income to her and in calculating the child-support award. She argues that Rule 59(g), Ala. R. Civ. P., required the circuit court to hold a hearing to allow her an opportunity to be heard before it could rule on her postjudgment motion.
“Rule 59(g) provides that posttrial motions ‘remain pending until ruled upon by the court (subject to the provisions of Rule 59.1), but shall not be ruled upon until the parties have had opportunity to be heard thereon.’ The failure to hold a hearing on a posttrial motion is not always reversible error, however. Our supreme court has stated:
“ ‘ “[I]f a party requests a hearing on its motion for a new trial, the court must grant the request.” Ex parte Evans, 875 So.2d 297, 299-300 (Ala.2003) (citing Rule 59(g), Ala. R. Civ. P., and Walls v. Bank of Prattville, 554 So.2d 381, 382 (Ala.1989)). Although it is error for the trial court not to grant such a hearing, this error is not necessarily reversible error. “This Court has established, however, that the denial of a post-judgment motion without a hearing thereon is harmless error, where (1) there is ... no probable merit in the grounds asserted in the motion, or (2) the appellate court resolves the issues presented therein, as a matter of law, adversely to the movant, by application of the same objective *1003 standard of review as that applied in the trial court.” Historic Blakely Auth. v. Williams, 675 So.2d 350, 352 (Ala.1995) (citing Greene v. Thompson, 554 So.2d 376 (Ala.1989)).’
“Chism v. Jefferson County, 954 So.2d 1058, 1086 (Ala.2006).”
Cunningham v. Edwards, 25 So.3d 475, 477 (Ala.Civ.App.2009). We agree with McCreless that the denial of her post-judgment motion without a hearing was error. The question becomes whether the error is reversible error. Therefore, we must determine whether there exists probable merit to McCreless’s arguments or whether this court can resolve the issues adversely to McCreless as a matter of law.
McCreless argues that “nothing introduced into evidence would justify [imputation of income] as though [McCreless] was intentionally underemployed.” The circuit court had before it the following conflicting documentary evidence: (1) McCreless’s signed income affidavit in which she claimed to earn a monthly gross income of $774, (2) Madison City Schools’ personnel-file documents indicating that McCreless was a part-time special-education teacher earning an annual salary of $23,813 in 2007 and $24,765.50 in 2008 and a full-time employee earning an annual salary of $50,023 in 2009, (3) McCreless’s 2010 federal tax return, which lists her income as $36,988,[3] (4) McCreless’s 2010 state tax return that shows her employers as Madison City Board, Huntsville City Schools, and Madison County Board, with a combined annual income of $38,656, and (5) McCreless’s payroll records for the period of March 1, 2011, through May 31, 2011, indicating that McCreless had earned a monthly gross income varying between $1,620 and $740 in that period.
“Under Rule 32(B)(5), Ala. R. Jud. Admin., a trial court must impute income to a parent and calculate his or her child-support obligation based upon that parent’s potential income if ‘the court finds that [the] parent is voluntarily unemployed or underemployed.’ ” Mitchell v. Mitchell, 723 So.2d 1267, 1269 (Ala.Civ.App.1998). Rule 32(B)(5), Ala. R. Jud. Admin., states, in pertinent part:
“In determining the amount of income to be imputed to a parent who is unemployed or underemployed, the court should determine the employment potential and probable earning level of that parent, based on that parent’s recent work history, education, and occupational qualifications, and on the prevailing job opportunities and earning levels in the community.”
In Winfrey v. Winfrey, 602 So.2d 904, 905 (Ala.Civ.App.1992), we explained:
“The key word here is ‘voluntarily.’ The trial court must initially determine that the spouse is ‘voluntarily’ unemployed or underemployed before it may impute income to that spouse. The determination is to be made from the facts presented according to the judicial discretion of the trial court. Doyle v. Doyle, 579 So.2d 651 (Ala.Civ.App.1991).”
The 2011 modification included the following finding:
“The court has carefully reviewed the evidence submitted at trial and orders as follows:
“1. The court finds [McCreless’s] gross monthly income to be *1004 $3,333.00[,] which represents an average of the yearly incomes earned by [McCreless] for two previous years. Notwithstanding [McCreless’s] assertion that she is only earning $774.00 per month, she is capable of earning $3,333.00 given her education and employment history.”
Our de novo review of the record on appeal reveals conflicting evidence that cannot support an imputation of income to McCreless. As a threshold matter, the record does not include evidence indicating that McCreless was voluntarily underemployed. Furthermore, although there is some conflicting evidence regarding her probable earning level based on her recent work history, there is no evidence as to her employment potential, her education, her occupational qualifications, or the prevailing job opportunities and earning levels in her community. See Winfrey, 602 So.2d at 905.
We determine that the circuit court’s failure to grant a hearing on McCreless’s postjudgment motion regarding the imputation of income to her due to voluntary underemployment was not harmless error. See Kitchens v. Maye, 623 So.2d 1082, 1089 (Ala.1993)(holding that a trial court’s denial of a motion for a new trial, thus denying the movant the opportunity to present evidence, was not harmless error when the record on appeal was “sparse” and “devoid” of necessary evidence). There is probable merit to McCreless’s argument, and this court cannot resolve the issue adversely to McCreless as a matter of law; therefore, we reverse the judgment of the circuit court insofar as it imputes income to McCreless, and we remand the cause for a hearing on the issue whether McCreless is voluntarily underemployed and, if so, the amount of income that should be imputed to McCreless.
McCreless also disputes the circuit court’s computation of her work-related child-care expenses. She claims that the amount of her work-related child-care expenses were “slashed without explanation.” We note that McCreless’s CS^ll income affidavit indicated that she paid a monthly amount of $48 in work-related child-care expenses and that the circuit court’s CS-42 form also reflects work-related childcare-expenses in the monthly amount of $48. However, the circuit court also had before it contradictory documentary evidence indicating that McCreless had paid an average monthly amount of $260 for child care in 2009 and $180 in 2010.
Again, due to the conflicting documentary evidence, we determine that there is probable merit to McCreless’s argument that the circuit court incorrectly computed her work-related child-care expenses, and this court cannot resolve the issue adversely to McCreless as a matter of law. Therefore, the circuit court’s failure to grant a hearing on McCreless’s post-judgment motion regarding the calculation of her work-related child-care expenses was not harmless error. See Kitchens, 623 So.2d at 1089. We remand the cause for a hearing on the issue of the monthly amount of work-related child-care expenses incurred by McCreless.
Finally, McCreless argues that the circuit court erred in its determination that the $300-a-month student-loan award was periodic alimony. We conclude, as a matter of law, that the $300-a-month student-loan award in the divorce judgment was a property settlement that was not subject to modification after the passage of 30 days.
“A court cannot modify a property settlement, except to correct clerical errors, after a lapse of thirty days from the rendition and entry of a final judgment approving such settlement. A divorce *1005 judgment dividing property between the parties is not subject to being modified as to such property division on account of changed conditions. Russell v. Russell, 386 So.2d 758 (Ala.Civ.App.1980).”
Culverhouse v. Culverhouse, 389 So.2d 937, 938 (Ala.Civ.App.1980). Valentin argues that the 2006 modification corrected an error because, he says, it only clarified or interpreted the unspecified nature of the $300-a-month student-loan award in the divorce judgment. We are not convinced. The divorce judgment clearly lists the $300-a-month student-loan award within a seven-item list of debts apportioned to Valentin as part of a property settlement.
“The specific designation of an alimony award as being in gross is not necessary; the lack of such a label will not defeat a provision which in substance provides for an award of alimony in gross as part of a property settlement. In other words, the substance of the award takes precedence over the form or label. Hartsfield v. Hartsfield, 384 So.2d 1097 (Ala.Civ.App.1980). For alimony to be in gross it must satisfy two requirements, (1) the time of payment and the amount must be certain, (2) the right to alimony must be vested. Ex parte Hager, 293 Ala. 47, 299 So.2d 743 (1974). In the present case, clearly the time and amount of payment are certain and it is apparent to this court that the award is not modifiable and hence ‘vested.’ It is therefore clear to this court that the award qualifies as alimony in gross.”
Kenchel v. Kenchel, 440 So.2d 567, 569 (Ala.Civ.App.1983).
We conclude that the $300-a-month student-loan award was, in substance, a property award and that the time and amount of the payment were certain. It is also apparent to this court that the $300-a-month student-loan award was not modifiable, and thus was vested. Therefore, we reverse the judgment of the circuit court insofar as it declares that Valentin’s obligation to pay the $300-a-month student-loan award was periodic alimony and that it automatically terminated when McCreless remarried.
In conclusion, we determine that the circuit court erred to reversal by failing to hold a hearing on McCreless’s post-judgment motion. We reverse the 2011 modification insofar as it terminated Valentin’s obligation to pay the $300-a-month student-loan award. We reverse the circuit court’s determination that McCreless was voluntarily underemployed, and we remand the cause for a hearing to determine (1) whether McCreless is voluntarily underemployed and, if so, the amount of income to impute to McCreless and (2) the amount of work-related childcare expenses incurred by McCreless.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN and MOORE, JJ., concur.
BRYAN, J., concurs in the result, without writing.

. The divorce judgment is included in the record on appeal.

. McCreless’s petition for modification is not included in the record on appeal.

. McCreless’s 2010 state and federal tax returns also listed two rental properties owned by McCreless. She collected an annual rental income of $19,800. She claimed a $16,361 loss on that supplemental income after subtracting mortgage payments, depreciation, expenses, and other losses.