THOMAS, Judge.
G. Scott Frazier (“the husband”) appeals a judgment of the Tuscaloosa Circuit Court condemning funds that were garnished from his bank account. We reverse the denial of the husband’s postjudgment motion by operation of law and remand the cause for the trial court to conduct a hearing on that motion.
The husband and Patricia Ann Curry (“the wife”) have been before this court previously. See Frazier v. Curry, 104 So.3d 220 (Ala.Civ.App.2012). On April 15, 2011, in case number DR-08-902, the trial court entered a judgment that, among other things, legally separated the parties, divided the parties’ real and personal property, awarded the wife sole physical custody of the parties’ minor child, ordered the husband to pay monthly child support, ordered the husband to pay periodic alimony, and awarded the wife an attorney fee in the amount of $10,000. Id. at 224. The husband appealed to this court, arguing that the trial court had erred by awarding the wife a portion of his retirement accounts, awarding the wife an attorney fee, and in establishing the husband’s child-support award. Id. at 227. In Frazier, this court reversed the trial court’s judgment insofar as it had awarded the wife a portion of the husband’s retirement accounts and had awarded her an attorney fee, and we remanded the cause to the trial court to reconsider the property division and the attorney-fee award. Id. at 228.
In the present appeal, the underlying case number is again DR-08-902. However, the appeal lies from the trial court’s condemnation of funds to satisfy a portion of the attorney-fee award that had been awarded pursuant to the April 15, 2011, judgment, which this court subsequently reversed. The procedural posture of the current appeal is as follows.
On August 3, 2011, the wife filed a process of garnishment to collect the attorney-fee award with the garnishee being Capstone Bank. On August 9, 2011, the husband filed a motion to quash the garnishment. In that motion, he argued that the attorney-fee award had previously been satisfied, that allowing the garnishment to proceed would allow the wife to receive a double recovery of the attorney-fee award, and that the wife had “filed the garnishment in bad faith, and to harass and embarrass the [husband].” Additionally, in the motion, the husband requested that the trial court not condemn or release the funds until it had conducted a hearing regarding the motion. On August 11, 2011, Capstone Bank answered the process of garnishment and indicated that it was holding $9,152.72 from the husband’s account.
On January 9, 2012, the wife filed a motion styled as a “motion to order money into court,” in which she requested an *1197 order requiring Capstone Bank to pay all the funds it was holding pursuant to the process of garnishment into the Tuscaloosa Circuit Court Clerk’s Office (“the clerk’s office”). That same day the wife filed a motion to condemn funds. On February 23, 2012, the trial court entered an order directing Capstone Bank to pay the funds it was holding into the clerk’s office. Additionally, on February 23, 2012, the trial court entered an order condemning the $9,152.72 that was being held by the clerk’s office and ordering the clerk’s office to distribute the funds to the wife’s attorney to satisfy a portion of the attorney-fee award. On March 3, 2012, the husband filed a motion to alter, amend, or vacate the trial court’s February 23, 2012, order condemning the funds. In his post-judgment motion, the husband argued that the funds had been condemned without the trial court’s conducting an evidentiary hearing, that the garnishment was unlawful, and that he had previously satisfied his obligation to pay the wife’s attorney fees, among numerous other arguments. The husband also requested a hearing regarding his postjudgment motion. The trial court did not conduct a hearing on the husband’s postjudgment motion, and the motion was denied by operation of law pursuant to Rule 59.1, Ala. R. Civ. P. The husband timely appealed.
The husband argues three issues on appeal: 1) whether the trial court violated his due-process rights by condemning the funds without conducting a hearing; 2) whether the trial court erred in failing to conduct a hearing on his postjudgment motion; and 3) whether the law-of-the-case doctrine requires a reversal of the trial court’s February 23, 2012, order. We find the husband’s second argument determinative of the appeal, and, thus, we pretermit discussion of the other issues. See Favorite Mkt. Store v. Waldrop, 924 So.2d 719, 723 (Ala.Civ.App.2005) (stating that this court would pretermit discussion of further issues in light of dispositive nature of another issue).
On appeal, the husband contends that the trial court erred to reversal in failing to conduct a hearing regarding his postjudgment motion. The record indicates that the husband requested a hearing on his postjudgment motion and that the trial court failed to conduct a hearing regarding the postjudgment motion, and, thus, the motion was denied by operation of law pursuant to Rule 59.1.
“Rule 59(g)[, Ala. R. Civ. P.,] provides that posttrial motions ‘remain pending until ruled upon by the court (subject to the provisions of Rule 59.1), but shall not be ruled upon until the parties have had opportunity to be heard thereon.’ The failure to hold a hearing on a posttrial motion is not always reversible error, however. Our supreme court has stated:
“ ‘ “[I]f a party requests a hearing on its motion for a new trial, the court must grant the request.” Ex parte Evans, 875 So.2d 297, 299-300 (Ala.2003) (citing Rule 59(g), Ala. R. Civ. P., and Walls v. Bank of Prattville, 554 So.2d 381, 382 (Ala.1989)). Although it is error for the trial court not to grant such a hearing, this error is not necessarily reversible error. “This Court has established, however, that the denial of a post-judgment motion without a hearing thereon is harmless error, where (1) there is ... no probable merit in the grounds asserted in the motion, or (2) the appellate court resolves the issues presented therein, as a matter of law, adversely to the movant, by application of the same objective standard of review as that applied in the trial court.” Historic Blakely *1198 Auth. v. Williams, 675 So.2d 350, 352 (Ala.1995) (citing Greene v. Thompson, 554 So.2d 376 (Ala.1989)).’
“Chism v. Jefferson County, 954 So.2d 1058, 1086 (Ala.2006).”
Cunningham v. Edwards, 25 So.3d 475, 477 (Ala.Civ.App.2009). We agree with the husband that the failure of the trial court to hold a hearing on his post-judgment motion was error. The issue then becomes whether such error is reversible. Error “is reversible error only if it ‘probably injuriously affected substantial rights of the parties.’ ” Kitchens v. Maye, 623 So.2d 1082, 1088 (Ala.1993) (quoting Rule 45, Ala. R. Civ. P., and citing Greene v. Thompson, 554 So.2d 376, 380-81 (Ala.1989), and Walls v. Bank of Prattville, 554 So.2d 381, 382 (Ala.1989)). “If the failure to conduct a hearing did not ‘ “injuriously affect[ ] [the] substantial rights of the parties,” ’ that failure, while error, was harmless.” DWOC, LLC v. TRX Alliance, Inc., 99 So.3d 1233, 1236 (Ala.Civ.App.2012) (quoting Kitchens, 623 So.2d at 1088).
As noted in his postjudgment motion, the husband asserted that he had previously satisfied the attorney-fee award and that condemning the funds would allow the wife to receive a double recovery, among numerous other arguments targeted toward the impropriety of the attorney-fee award. Moreover, in Frazier, this court reversed the attorney-fee award and remanded the cause for the trial court to reconsider the attorney-fee award based on the fact that the trial court had erred in dividing the marital property due to its improper division of the husband’s retirement accounts. Thus, we conclude that there exists probable merit to the husband’s arguments, and this court cannot resolve the issue adversely to the husband as a matter of law. Chism v. Jefferson Cnty., 954 So.2d 1058, 1086 (Ala.2006).
Accordingly, we determine that, under the facts presented in this case, the trial court erred in failing to conduct a hearing regarding the husband’s postjudgment motion and that any error in failing to conduct a hearing was not harmless error. Thus, we reverse the denial of the husband’s postjudgment motion by operation of law, and we remand the cause to the trial court to conduct a hearing on the issues raised in the husband’s post-judgment motion. See Isbell v. Rogers Auto Sales, 72 So.3d 1258, 1262 (Ala.Civ.App.2011). Additionally, we note that the trial court has a duty to comply with the remand instructions given by this court in Frazier. See Giardina v. Giardina, 39 So.3d 204, 208 (Ala.Civ.App.2009) (quoting Brown v. Brown, 20 So.3d 139, 141 (Ala.Civ.App.2009)). Accordingly, the trial court must reconsider the attorney-fee award on remand in Frazier, and, thus, condemnation of any funds would be premature until the trial court reconsiders the property distribution and attorney-fee award in compliance with our instructions in Frazier.
REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN and MOORE, JJ., concur.