Rel: January 26, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2023-2024

_____

### CL-2023-0416

_____

### M.A.E.

### v.

### L.L.D.

### Appeal from Tuscaloosa Juvenile Court
### (CS-97-5261.02)

MOORE, Judge.

M.A.E. ("the mother") appeals from a judgment entered by the Tuscaloosa Juvenile Court ("the juvenile court") on May 2, 2023. We reverse the judgment and remand the cause with instructions for the juvenile court to conduct a hearing on the mother's postjudgment motion.

Procedural History

On September 19, 2011, the juvenile court entered a judgment ("the 2011 judgment") that, among other things, required L.L.D. ("the father") to pay child support to the mother and to satisfy a child-support arrearage for the benefit of K.M.E. ("the child"), subject to a credit for any benefits from the Social Security Administration that had been received on behalf of the child on account of the father's disability. The juvenile court also entered an income-withholding order requiring the Social Security Administration to remit a portion of the father's Social Security disability benefits to the mother for the benefit of the child. In 2021, the juvenile court terminated the income-withholding order upon the father's motion. On March 30, 2022, the mother filed in the juvenile court a petition requesting that the father be held in contempt of court for violating the terms of the 2011 judgment. On April 18, 2022, the father, appearing pro se, filed an answer, which was amended on July 19, 2022, after the father retained counsel.

The juvenile court conducted a trial on April 19, 2023. On May 2, 2023, the juvenile court entered a final judgment concluding, among

other things, that the mother had met her burden of proving that the 2011 judgment had not been satisfied but that she had failed to meet her burden of proving that the father was in contempt for his failure to make his monthly child-support payments as ordered. The juvenile court concluded that, as of April 1, 2023, the father was in arrears of his monthly child-support obligation and that he owed the mother $16,569.49, which amount, the trial court determined, included interest in the amount of $20,283.25 less $3,713.71, which it concluded was the amount the father had paid toward interest.[1] The trial court denied the mother's motion for contempt, directed the father to pay $500 per month toward the arrearage, and denied all remaining relief requested. The juvenile court attached to its judgment an exhibit that reflected the calculations it had used in determining the amount of the father's arrearage.

The mother filed a postjudgment motion on May 16, 2023, challenging the juvenile court's calculation of the amount of the child-

---

[1]We note that $20,283.25 minus $3,713.71 equals $16,569.54, rather than $16,569.49, as stated in the judgment.

support arrearage owed by the father; she requested a hearing on the motion. On May 25, 2023, the father filed a response to the mother's postjudgment motion, in which, among other things, he conceded that one of the figures used by the juvenile court in its calculations was incorrect. Also on May 25, 2023, the mother filed a motion in which she again requested that the juvenile court schedule a hearing on her postjudgment motion. The juvenile court did not hold a hearing on the mother's postjudgment motion; instead, on May 30, 2023, the mother's motion was denied by operation of law. See Rule 1(B), Ala. R. Juv. P. The mother filed her notice of appeal to this court on June 13, 2023.

## Facts

The mother testified at the trial that, since the entry of the 2011 judgment, she had received payments from the Alabama Central Disbursement Division, which payments had been made on behalf of the father. She also testified that the amounts of those payments were reflected on the Alabama Central Disbursement Division's payment-history sheet that was admitted as Plaintiff's Exhibit 2. She stated that she had not received any payments from the father other than those

stated on Plaintiff's Exhibit 2 and that neither she nor the child had received any payments from the Social Security Administration on behalf of the father.

Teresa Hannah, an employee of the mother's counsel, testified regarding calculations that she had made in assessing the amounts that were owed by the father for the principal amount of unpaid child support and the interest accrued thereon. She stated that she had calculated the monthly interest by multiplying the amount of child support that was owed each month by the number of months and then multiplying that amount by 7.5 percent, the final amount of which, she said, represented the total amount of interest that had accrued on the judgment, and then dividing that total by 12.

The father testified that deductions had been made from his monthly Social Security benefits but that he did not know the amounts that had been deducted. He stated that he had obtained a pay history of his Social Security benefits, and that document was admitted at trial as Defendant's Exhibit 1. According to the father, the Social Security Administration had provided him with a document that indicated that he

no longer owed a balance for the child, which, he said, had led him to file the motion to terminate the income-withholding order. The father testified that he receives only a portion of his monthly Social Security benefits and that the remainder is deducted as child support for his children, including the child.

## Analysis

The mother argues on appeal that the juvenile court's failure to conduct a hearing on her postjudgment motion amounts to reversible error. We agree.

In <u>Henderson v. Henderson</u>, 123 So. 3d 974 (Ala. Civ. App. 2013), this court outlined the relevant standard of review of our consideration of the juvenile court's allowing the mother's postjudgment motion to be denied by operation of law without first conducting a hearing on the motion:

> "'Rule 59(g)[, Ala. R. Civ. P.,] provides that posttrial motions "remain pending until ruled upon by the court (subject to the provisions of Rule 59.1[, Ala. R. Civ. P.]), but shall not be ruled upon until the parties have had opportunity to be heard thereon." The failure to hold a hearing on a posttrial motion is not always reversible error, however. Our supreme court has stated:

"'"'[I]f a party requests a hearing on its motion for a new trial, the court must grant the request.' Ex parte Evans, 875 So. 2d 297, 299-300 (Ala. 2003) (citing Rule 59(g), Ala. R. Civ. P., and Walls v. Bank of Prattville, 554 So. 2d 381, 382 (Ala. 1989)). Although it is error for the trial court not to grant such a hearing, this error is not necessarily reversible error. 'This Court has established, however, that the denial of a postjudgment motion without a hearing thereon is harmless error, where (1) there is ... no probable merit in the grounds asserted in the motion, or (2) the appellate court resolves the issues presented therein, as a matter of law, adversely to the movant, by application of the same objective standard of review as that applied in the trial court.' Historic Blakely Auth. v. Williams, 675 So. 2d 350, 352 (Ala. 1995) (citing Greene v. Thompson, 554 So. 2d 376 (Ala. 1989))."

"'Chism v. Jefferson County, 954 So. 2d 1058, 1086 (Ala. 2006).'

"Cunningham v. Edwards, 25 So. 3d 475, 477 (Ala. Civ. App. 2009). We agree with the wife that the failure of the trial court to hold a hearing on her postjudgment motion was error. The issue becomes whether such error was reversible error. As the wife's appellate brief correctly notes, '[u]nder Rule 45, Ala. R. App. P., the failure to grant a hearing on a motion for new trial pursuant to Rule 59(g) is reversible error only if it "probably injuriously affected substantial rights of the

7

parties."' Kitchens v. Maye, 623 So. 2d 1082, 1088 (Ala. 1993) (footnote omitted) (quoting Rule 45, Ala. R. Civ. P., and citing Greene v. Thompson, 554 So. 2d 376, 380-81 (Ala. 1989), and Walls v. Bank of Prattville, 554 So. 2d 381, 382 (Ala. 1989)). 'If the failure to conduct a hearing did not "'injuriously affect[] [the] substantial rights of the parties,'" that failure, while error, was harmless.' DWOC, LLC v. TRX Alliance, Inc., 99 So. 3d 1233, 1236 (Ala. Civ. App. 2012)."

123 So. 3d at 978-79.

Like in Henderson, we conclude that the juvenile court erred in failing to conduct a hearing on the mother's postjudgment motion. See Rule 59(g), Ala. R. Civ. P. Thus, we proceed, like in Henderson, to consider whether the failure of the juvenile court to conduct a hearing on the mother's postjudgment motion probably injuriously affected the substantial rights of the mother.

The mother asserts before this court, as she did before the juvenile court, that the juvenile court miscalculated the child-support arrearage and the interest due on that arrearage pursuant to § 8-8-10(a), Ala. Code 1975. In his response to the mother's postjudgment motion, the father conceded that at least one error had been committed by the juvenile court in its calculations of his child-support arrearage. According to the mother, that error, when coupled with other alleged mathematical errors

made by the juvenile court resulted in the entry of a judgment awarding an amount that was half as much as she claims was due. After reviewing the record and the method used by the juvenile court to calculate the child-support arrearage and interest, we agree with the mother that the juvenile court appears to have erred by awarding the mother an amount that is less than that to which she was entitled.

Therefore, we conclude that the juvenile court erred in allowing the mother's postjudgment motion to be denied by operation of law without conducting a hearing on said motion and that that error was not harmless. Accordingly, we reverse the judgment and remand the case to the juvenile court with instructions that it conduct a hearing on the mother's postjudgment motion to consider the arguments raised in that motion. Henderson, 123 So. 3d at 979. In doing so, "[w]e do not express any opinion on whether the postjudgment motion is due to be granted; we hold only that it was not harmless error for the juvenile court to deny the postjudgment motion without first conducting a hearing on its merits." J.C. v. K.E., [Ms. CL-2022-0702, Feb. 10, 2023] ___ So. 3d ___, ___ (Ala. Civ. App. 2023).

REVERSED AND REMANDED WITH INSTRUCTIONS.

Thompson, P.J., and Edwards, Hanson, and Fridy, JJ., concur.